THE BALDWIN COMPANY *v.* MANER, JUDGE.

5-572                                                  273 S. W. 2d 28

Opinion delivered December 6, 1954.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Cole & Epperson* and *Goodwin & Riffel,* for appellee.

ROBINSON, J. W. E. Armstrong, an employee of a subcontractor, the Southwest Electric Company, filed a personal injury suit in the Hot Spring Circuit Court against the petitioner herein, The Baldwin Company, prime contractors in the construction of a building for General Motors Corporation. The Baldwin Company filed in this court a petition for a writ of prohibition alleging that the Circuit Court is without jurisdiction because the subcontractors, Southwest Electric Company, carried Workmen's Compensation insurance and Armstrong has derived the benefits thereof, and that he therefore has no cause of action against the prime contractor, it being contended that Armstrong's remedy under the Workmen's Compensation law is exclusive as to the prime contractor as well as to the subcontractor. It is Armstrong's contention that the prime contractor

is in this case a third party and therefore subject to a common-law action in tort.

The facts are stipulated. It is agreed that the petitioner Baldwin was the general contractor; that Armstrong was an employee of the Southwest Electric Company, one of the subcontractors on the job; and that Armstrong fell into a pit situated on the job while in the due course of his employment as an employee of the Southwest Electric Company; that Armstrong's employer, Southwest Electric Company, carried workmen's compensation insurance; and that the insurance carrier has paid Workmen's Compensation benefits to Armstrong as a result of the injuries alleged to have been sustained, the payments having been made under the Workmen's Compensation law.

There is only one issue: Is the prime contractor subject to a common law action in tort brought by one employed by a subcontractor for injuries sustained in the due course of his employment where the subcontractor has secured the payment of compensation under the Workmen's Compensation law? This court has not heretofore had occasion to pass directly on the point. The Federal courts have held that the prime contractor is a third party and is subject to a common-law action in tort, but have recognized that when the issue was presented to this court, the construction placed on the statute by the state court would prevail. *Anderson* v. *Sanderson & Porter*, 8 Cir., 146 Fed. 2d 58; *Carroll* v. *Lanza*, D. C., 116 F. Supp. 491. The *Carroll* case on the feature involved here was affirmed by the 8th Circuit Court of Appeals July 30, 1954; a petition for rehearing is now pending. We are not unmindful of the rule that a Federal court decision construing an Arkansas statute is not binding on this court; however, the opinion of such eminent authority is persuasive.

Prior to 1938, § 32 of Article 5 of the Constitution of Arkansas provided: "No act of the General Assembly shall limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property.

. . ." By Amendment 26, adopted in 1938, the constitutional provision under consideration was amended to read as follows: "The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, method, and forum for adjudicating claims arising under said laws, and for securing payment of same. Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property. . . ." It is clear that Amendment 26 gives to the legislature the power to limit the amount of recovery only in cases where there is an employer-employee relationship. In *Young, Adm., v. G. L. Tarlton Contractor, Inc.*, 204 Ark. 283, 162 S. W. 2d 477, Mr. Justice FRANK SMITH speaking for this court said: "The amendment provides that otherwise, that is, except in cases arising between employer and employee, no law shall be passed limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property."

The facts being stipulated, it becomes a question of law as to whether the petitioner, the Baldwin Company, is an employer; or is it a third party within the meaning of the Workmen's Compensation law? If the prime contractor is an employer, the employee's remedy under the Workmen's Compensation act is exclusive. Ark. Stats., § 81-1304, provides: "The rights and remedies herein granted to an employee subject to the provisions of this Act, on account of injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next kin, or anyone otherwise entitled to recover damages from such employer on account of such injury or death. . . ."

If the prime contractor is a third party, he is subject to a common-law action in tort for injuries sustained by an employee of the subcontractor. Ark. Stats., § 81-1340, provides: "The making of a claim for compensation against any employer or carrier for the injury or

death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for such injury. . . ."

Generally speaking a prime contractor is not the employer of those hired by an independent subcontractor. But here it is contended by petitioner that by § 6 of the Workmen's Compensation law (Ark. Stats., § 81-1306) the prime contractor is by statute made the employer of workmen hired by the subcontractor, and hence that the prime contractor cannot be sued as a third party —that he cannot be both an employer and a third party.

Amendment 26 to the constitution removed the interdiction, contained in § 32 of Article 5 of the Constitution of 1874, against the General Assembly limiting the amount of recovery in personal injury cases insofar as an employee recovering from an employer is concerned. But the Amendment does not attempt to name the ones that are to be considered as employees or employers, nor is the legislature prohibited from providing by statute the ones that are to be regarded as employees or employers.

Sec. 6 of the Workmen's Compensation act (Ark. Stats., § 81-1306) provides: "Where a subcontractor fails to secure compensation required by this Act, the prime contractor shall be liable for compensation to the employees of the subcontractor. . . ." Thus the General Assembly has by statute made the prime contractor an employer where the subcontractor fails to secure compensation required by the act. It will be recalled that the subcontractor in the case at bar had secured the compensation as required.

The validity of the concept of a statutory employer or employee has been recognized by the courts. In *Brothers* v. *Dierks Lumber & Coal Co.*, 217 Ark. 632, 232 S. W. 2d 646, this court said: "For one thing, we deem it safe to say that the framers of Amendment 26 had in mind the Workmen's Compensation laws of a majority of the other states, already in force in 1938. Most of

these laws included the concept of the statutory employee, as it now appears in Arkansas in our § 6, as a part of their provisions for 'compensation to be paid by employers for injuries to or death of employees.' See 2 Schneider, Workmen's Compensation (perm. Ed., 1942) 175; Annots., 58 A. L. R. 872, 105 A. L. R. 580.''

The General Assembly of this state, by § 6 of the Workmen's Compensation law, has created the statutory relationship of employer and employee as between a prime contractor and a worker employed by a subcontractor where the subcontractor has not secured compensation to his employee; but the legislature has not made the prime contractor a statutory employer where the subcontractor has secured payment for compensation as provided by the act, as the subcontractor has done in the case at bar. Hence it necessarily follows that since the prime contractor is not the employer of the injured party, he is subject to a common-law action in tort because the Workmen's Compensation act is only applicable when the relationship of employer and employee exists.

Having in mind *Young, Adm., v. G. L. Tarlton Contractor, Inc.,* 204 Ark. 283, 162 S. W. 2d 477, Mr. Justice SANBORN, speaking for the 8th Circuit Court of Appeals in *Anderson* v. *Sanderson & Porter,* 146 Fed. 2d 58, said: ''If the General Assembly of Arkansas is powerless to pass any law limiting the common-law liability for injury or death, except in cases 'arising between employer and employee,' it is difficult to understand how the General Assembly could relieve a general contractor of his common-law liability except with respect to persons in his employ. We think it is safe to say that an action brought against a general contractor by an employee of a subcontractor is not a 'case arising between an employer and an employee' within the meaning ordinarily attributed to the words quoted.''

Petitioner points out that Prof. Larson, in his treatise on Workmen's Compensation Law, vol. 2, page 175, while recognizing that ''when the subcontractor is in-

sured, most courts have held that the general contractor remains a third party subject to common-law liability," criticizes such holdings by saying: "A sounder result would seem to be a holding that the over-all responsibility of the general contractor for getting subcontractors insured, and his latent liability for compensation if he does not, should be sufficient to remove him from the category of 'third party.' He is under a continuing potential liability; he has thus assumed a burden in exchange for which he might well be entitled to immunity from damage suits, regardless of whether on the facts of a particular case actual liability exists." Perhaps Prof. Larson's criticism is sound, but even so it is for the legislature to say who is an employer. The courts have approved the theory of statutory employers; *Bunner* v. *Patti*, 343 Mo. 274, 121 S. W. 2d 153; *New Amsterdam Casualty Co.* v. *Boaz-Kiel Construction Co.*, 8 Cir., 115 F. 2d 950. The Missouri act specifically provides that "an independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work." Sec. 3308 (c) Mo. R. S. 1929, Sec. 3698 (c) Mo. R. S. A.

There is no Arkansas statute making the prime contractor an employer in a situation such as is presented in the case at bar. The writ is therefore denied.