Honorable Ed Gilbert State Representative P. O. Box 633 Mountain Home, AR 72853
Dear Representative Gilbert:
We are writing in response to your December 26, 1986 letter, which contained four questions concerning current workers' compensation laws. Your questions were as follows:
 1. Is a contractor or his workers' compensation insurer liable for injury sustained by a subcontractor while working for the contractor if the subcontractor carries workers' compensation insurance on his employees but not on himself?
 2. If the subcontractor does not carry workers' compensation coverage on his employees, is the contractor or his workers' compensation insurer liable for injuries sustained by the subcontractor's employees while working for the contractor?
 3. What is the definition of a subcontractor under the workers' compensation law?
 4. Are worker's compensation insurers required to offer contractors coverage for their subcontractors and/or their subcontractors' employees.
We have responded to your inquiries in the order that you presented them.
Whether a prime contractor (or its workers' compensation insurer) is responsible for an injured subcontractor that carries workers' compensation insurance on his employees, but not himself depends on the type of work he was performing at the time of injury. Under Ark. Stat. Ann. 81-1302(b) (Supp. 1985), a subcontractor who is a sole proprietor, or who is a partner in a subcontracting partnership, and who devotes full time to the proprietorship or partnership, may be considered an "employee" for purposes of the Workers' Compensation Act by filing a written request with the Workers' Compensation Commission. If he elects "employee" status, the subcontractor should be covered under his own workers' compensation policy. However, if the subcontractor does not elect employee status, the prime contractor would be responsible for his work related injury only if the injury occurred when the subcontractor was performing other work, outside the scope of his subcontract, for the prime contractor. See Purdy v. Livingston, 262 Ark. 575, ___, 559 S.W.2d 24, 26 (1977). Otherwise, the subcontractor generally is considered an independent contractor of the prime contractor, not an "employee" to whom the prime contractor would be liable for a work related injury. See Fraternal Order of Eagles v. Kirby, 6 Ark. App. 198, ___, 639 S.W.2d 529, 532, N.1 (1982). Therefore, it is our opinion that a subcontractor who does not elect employee status pursuant to Ark. Stat. Ann. 81-1302(b) and who is injured in the course of performing his subcontract is not entitled to workers' compensation benefits from the prime contractor or its insurer.
As to your second question, whether the employees of an uninsured subcontractor are covered by the prime contractor's workers' compensation insurance, it is our opinion that Arkansas law makes employees of an uninsured subcontractor "statutory employees" of the prime contractor who are covered for work related injuries under the prime contractor's workers' compensation insurance. Ark. Stat. Ann. 81-1306 (Repl. 1976) provides:
 "Where a subcontractor fails to secure compensation required by this Act, the prime contractor shall be liable for compensation to the employees of the subcontractor."
The Arkansas Supreme Court has construed this statute to mean that, when the subcontractor has not secured workers' compensation insurance for his employees, a statutory employer-employee relationship exists between the prime contractor and the employees of the uninsured subcontractor. Baldwin Co. v. Maner, 224 Ark. 348, ___, 273 S.W.2d 28, 31 (1954). Accordingly, it is our opinion that the prime contractor is liable for injuries sustained by a subcontractor's employees while working for the prime contractor if the subcontractor does not carry workers' compensation coverage on his own employees.
The answer to your third question concerning the definition of "subcontractor" under our workers' compensation law, is determined by reference not to the Workers' Compensation Act itself, but by reference to the cases interpreting it. Although the term "subcontractor" is not defined in the Act itself, the Arkansas Court of Appeals has defined the term for purposes of the Workers' Compensation Act as:
 "one who takes a portion of a contract from a principal contractor or another subcontractor . . . One who has entered into a contract, express or implied, for the performance of an act with the person who has already contracted for its performance." D.M. Construction Co. v. Archer, 14 Ark. App. 198, ___, 686 S.W.2d 799, 801 (1985). In other words, a subcontractor is one who enters into a contract with a person for the performance of work which the first person has already contracted to perform. Archer, 686 S.W.2d 801-02. As this holding has not been modified by the Arkansas Supreme Court, it is our opinion that the quoted language constitutes the present definition of a subcontractor under the workers' compensation law.
In answer to your last question, whether workers' compensation insurers are required to offer contractors coverage for their subcontractors and/or their subcontractors' employees, it is our opinion that there exists no such specific statutory requirement at present. However, you should note that all companies licensed to write workers' compensation insurance in Arkansas are required to participate in an "assigned risk pool" wherein they are required to provide workers' compensation coverage for employers whose applications for such insurance have been denied. Ark. Stat. Ann. 81-1309 (Supp. 1985). Therefore, workers' compensation insurance to any employer who applies for same. If the subcontractor (who is the "employer" of his own employees) does not apply for and obtain workers' compensation insurance through the assigned risk pool, the subcontractors' employees become "statutory employees" of the prime contractor and, as such, are afforded coverage under the prime contractor's workers' compensation policy. Ark. Stat. Ann. 81-1306 (Repl. 1976).
The hope is that the foregoing will prove of material benefit to you.
The foregoing opinion, which I hereby approve, was prepared by.