John STAPLETON, Jr. *v.* M.D. LIMBAUGH
CONSTRUCTION CO.

97-1153                               969 S.W.2d 648

Supreme Court of Arkansas
Opinion delivered May 28, 1998

*Mashburn & Taylor*, by: *Timothy J. Myers* and *Odom & Elliot*, by: *Don R. Elliot, Jr.*, for appellant.

*Tramell Law Firm*, by: *Robert D. Trammell*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, John Stapleton, Jr., filed a wrongful-death action against the appellee, M.D. Limbaugh Construction Co. The trial court granted summary judgment in favor of Limbaugh Construction because it found that Stapleton's lawsuit was barred by the exclusive-remedy provision of the Workers' Compensation Act as amended in 1993. Ark. Code Ann. § 11-9-105 (Repl. 1996). The trial court also held that the amended provision was constitutional. We agree with the first finding, but not with the latter holding. Accordingly, we reverse and remand.

The underlying facts of this case are undisputed. In 1995, Community Water Systems hired Limbaugh Construction to be the prime contractor for the construction of a foundation and water storage tank. Limbaugh Construction then hired NWA

Steel Company, Inc. as a subcontractor on the project. John Stapleton, III, worked as a welder for NWA Steel.

On July 12, 1996, John Stapleton, III, fell from the scaffolding at the construction site and died two days later. Stapleton's father, John Stapleton, Jr., settled his son's workers' compensation claim against NWA Steel for $10,000. Soon thereafter, Stapleton filed a wrongful-death action against Limbaugh Construction, as the prime contractor, and Community Water Systems, as the site owner, for negligently causing the death of his son.

On March 17, 1997, Limbaugh Construction filed a motion to dismiss alleging that Stapleton's wrongful-death action was barred by the exclusive-remedy provision of the Workers' Compensation Act, Ark. Code Ann. § 11-9-105(a), as amended by 1993 Ark. Acts 796, § 4. Limbaugh Construction attached to its motion an affidavit and a certified copy of the settlement order between NWA Steel and Stapleton, thereby converting its motion to dismiss into a motion for summary judgment. In his reply, Stapleton argued that the amended exclusive-remedy provision applied only when the prime contractor paid compensation benefits to the subcontractor's employee, and that the amended provision violated Article 5, Section 32, of the Arkansas Constitution.

On June 30, 1997, the trial court granted summary judgment to Limbaugh Construction. In the order, the court found that Stapleton's tort claim was barred by the amended exclusive-remedy provision of the compensation statute, and that the amended statute was constitutional. Accordingly, the court dismissed Stapleton's tort action with prejudice. On July 17, 1997, the court granted Stapleton's request for a voluntary dismissal without prejudice of his complaint against codefendant Community Water Systems. Stapleton filed a timely notice of appeal of the court's order of summary judgment.

## I. Standard of Review

The first issue we must resolve on appeal is what is the appropriate standard of review. Stapleton misconstrues the court's order as a dismissal pursuant to Ark. R. Civ. P. 12(b)(6). As the trial court correctly noted in its order, NWA Steel's Rule 12(b)(6)

motion to dismiss was converted into a motion for summary judgment under Ark. R. Civ. P. 56 when the court considered affidavits and other documents outside of the pleadings. *See McQuay v. Guntharp*, 331 Ark. 466, 963 S.W.2d 583 (1998); *Clark v. Ridgeway*, 323 Ark. 378, 914 S.W.2d 745 (1996). As we have said on numerous occasions, summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as matter of law. *Edgin v. Entergy Operations, Inc.*, 331 Ark. 162, 961 S.W.2d 724 (1998); *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997). In making this determination, we review the evidence in the light most favorable to the party resisting the motion and resolve all doubts and inferences against the moving party. *Id.*

## II.   Ark. Code Ann. § 11-9-105(a)

The next issue we must resolve is whether the trial court erred when it held that Ark. Code Ann. § 11-9-105(a), as amended in 1993, extends tort immunity to prime contractors when the subcontractor has paid compensation benefits to the injured employee.

In order to fully understand this issue, a brief history of our Workers' Compensation Act and the supporting cases is necessary. Prior to 1993, the exclusive-remedy provision provided that:

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer or any principal, officer, director, stockholder, or partner acting in their capacity as an employer on account of the injury or death, and the negligent acts of a co-employee shall not be imputed to the employer.

Ark. Code Ann. § 11-9-105(a) (1987) (amended 1993). Likewise, Ark. Code Ann. § 11-9-410 (1987) (amended 1993) provided that an employee's claim for workers' compensation benefits against his or her employer did not affect the employee's right to file a tort action against a third party.

In contrast, Ark. Code Ann. § 11-9-402(a) (1987) provided, in relevant part, that:

> Where a subcontractor fails to secure compensation required by this chapter, the prime contractor shall be liable for compensation to the employees of the subcontractor.

Thus, while sections 105 and 410 determined when a defendant could be liable for tort damages, section 402 established when a prime contractor could be held liable for workers' compensation benefits.

We reconciled these three provisions of the Workers' Compensation Act in *Baldwin Co. v. Maner*, 224 Ark. 348, 273 S.W.2d 28 (1954). In *Baldwin*, a subcontractor's employee was injured while working on the prime contractor's construction site. *Id.* The employee obtained workers' compensation benefits from his employer, the subcontractor, and then filed a tort action against the prime contractor. *Id.* On appeal, the prime contractor argued that the tort action was barred by the exclusive-remedy provision, Ark. Stats. § 81-1304 (currently codified at Ark. Code Ann. § 11-9-105). *Id.* We held that, pursuant to Ark. Stats. § 81-1306 (currently codified at Ark. Code Ann. § 11-9-402), if the subcontractor fails to secure workers' compensation benefits for its employees, the prime contractor becomes the "statutory employer" and must pay workers' compensation benefits to the injured employee. *Id.* However, because the prime contractor becomes the "statutory employer" (under section 402) of the injured employee, the prime contractor is not a third party (under section 410), but instead is a quasi-employer or "statutory employer" entitled to tort immunity under the exclusive-remedy provision (section 105). *Id.* In sum, we held in *Baldwin* that if a subcontractor fails to obtain workers' compensation coverage, the prime contractor must pay workers' compensation benefits, but not tort damages, to the injured employee. *Id.* In contrast, if the subcontractor pays its injured employee workers' compensation benefits, the prime contractor never becomes the statutory employer, and thus is not liable for compensation benefits, but could be held liable for tort damages. *Id.* Because the subcontractor in *Baldwin* had paid workers' compensation benefits to the injured employee, we held that the employee's tort action against

the prime contractor was not barred by the exclusive-remedy provision. *Id.*

Since the *Baldwin* decision was handed down in 1954, we have consistently held that a prime contractor is a statutory employer and thus liable to a subcontractor's employee for workers' compensation benefits, but not tort damages, if the subcontractor failed to secure workers' compensation benefits. *Lewis v. Industrial Heating & Plumbing,* 290 Ark. 291, 718 S.W.2d 941 (1986); *Rowe v. Druyvesteyn Constr. Co.,* 253 Ark. 67, 484 S.W.2d 512 (1972). However, if the subcontractor pays workers' compensation benefits to its injured employee, the prime contractor could be held liable in tort for the injuries to the subcontractor's employee. *See Construction Advisors, Inc. v. Sherrell,* 275 Ark. 183, 628 S.W.2d 309 (1982).

In the case before us today, it is undisputed that NWA Steel, the subcontractor, paid workers' compensation benefits to Stapleton. Thus, under the old *Baldwin* rule, Limbaugh Construction, the prime contractor, never became the statutory employer, and thus Stapleton's tort action against Limbaugh Construction would not be barred by the exclusive-remedy provision of the workers' compensation act.

The General Assembly, however, altered the *Baldwin* rule when they amended the exclusive-remedy provision in 1993 by adding the following emphasized language to Ark. Code Ann. § 11-9-105(a):

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his capacity as an employer, *or prime contractor of the employer,* on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer.

1993 Ark. Acts 796, § 6 (emphasis added). Although the legislature made numerous changes to the Workers' Compensation Act in 1993, section 402, dealing with a prime contractor's liability to

a subcontractor's employees, and section 410, defining a third party amenable to tort actions, remained substantially as they were at the time *Baldwin* was decided. Thus, we must resolve for the first time what the legislature intended when it added the phrase "or prime contractor of the employer" to the exclusive-remedy provision.

On appeal, Stapleton claims that despite the 1993 amendment to Ark. Code Ann. § 11-9-105, the old *Baldwin* rule applies such that the exclusive-remedy provision bars a tort action against a prime contractor only when the subcontractor has failed to pay workers' compensation benefits to its injured employee. This interpretation, however, is contrary to our well-established rules of statutory construction.

■ The first rule of statutory construction, to which all others must yield, is to give effect to the intent of the legislature. *Leathers v. Cotton*, 332 Ark. 49, 961 S.W.2d 32 (1998). To accomplish this goal we must give the words of the statute their ordinary and usually accepted meaning. *Id.*; *Social Work Licensing Bd. v. Moncebaiz*, 332 Ark. 67, 962 S.W.2d 797 (1998). Second, statutes relating to the same subject should be construed in a harmonious manner if possible. *Johnson v. State*, 331 Ark. 421, 961 S.W.2d 764 (1998); *Reed v. State*, 330 Ark. 645, 957 S.W.2d 174 (1997). Finally, we must presume that the General Assembly did not intend to pass an act without a purpose. *Reed v. State, supra.*

■ Applying these rules of statutory construction, it is clear from the plain language of the 1993 amendment to Ark. Code Ann. § 11-9-105 that the General Assembly intended to extend tort immunity to prime contractors regardless of whether the subcontractor paid its injured employee workers' compensation benefits. Otherwise the 1993 amendment would be meaningless.

■ Stapleton argues that this interpretation of section 105 is in conflict with section 402 which applies only when the subcontractor has paid its injured employee workers' compensation benefits. Stapleton's argument is without merit because it misconstrues the remedies available to the injured party under these two provisions. As previously explained, section 105 deals with

tort liability, while section 402 provides for workers' compensation benefits. Hence, sections 105 and 402 are harmonious.

■ Next, Stapleton argues that as a matter of public policy the prime contractor should not be granted absolute tort immunity under the exclusive-remedy provision because prime contractors will no longer have an incentive to provide a safe work site. This argument, however, ignores the fact that a negligent prime contractor may still be liable to a subcontractor's employees for workers' compensation benefits under section 402 if the work place is unsafe and the subcontractor has failed to secure workers' compensation benefits. Moreover, it is well settled that it is for the legislature, not this court, to determine public policy. *Teague v. State*, 328 Ark. 724, 946 S.W.2d 670 (1997); *Nabholtz Constr. Corp. v. Graham*, 319 Ark. 396, 892 S.W.2d 456 (1995). In 1993, the legislature decided that as a matter of public policy prime contractors should be immune from tort liability even when the subcontractor has paid the injured employee workers' compensation benefits, and we will honor that policy decision.

■ For these reasons, we hold that by amending section 105 in 1993, the General Assembly clearly intended to extend tort immunity to a prime contractor regardless of whether a subcontractor has paid workers' compensation benefits to its injured employee. Accordingly, the trial court did not err when it held that Stapleton's tort action against Limbaugh Construction was barred under the amended exclusive-remedy provision.

### III. Constitutionality

■ Stapleton's final argument is that the 1993 amendment to Ark. Code Ann. § 11-9-105(a) is unconstitutional because it grants tort immunity to a defendant who does not have an employment relationship with the injured party in violation of Article 5, Section 32, of the Arkansas Constitution. As we have said on several occasions, statutes are presumed constitutional, and the burden of proving otherwise is upon the challenger of the statute. *ACW, Inc. v. Weiss*, 329 Ark. 302, 947 S.W.2d 770 (1997); *Ports Petroleum Co. v. Tucker*, 323 Ark. 680, 916 S.W.2d 749 (1996).

Article 5, Section 32, of the Arkansas Constitution provides that:

> The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same. Provided, that otherwise *no law shall be enacted limiting the amount to be recovered for injuries* resulting in death or for injuries to persons or property; and in case of death from such injuries the right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted.

As amended in 1938 by Const. Amend. 26 (emphasis added).

In *Brothers v. Dierks Lumber & Coal Co.*, 217 Ark. 632, 232 S.W.2d 646 (1950), we held that a prime contractor was a statutory employer of a subcontractor's injured employee under Ark. Stats. 81-1306 (currently codified as Ark. Code Ann. § 11-9-402) because the subcontractor was unable to pay workers' compensation benefits to its employee. *Id.* In response, the prime contractor argued that section 81-1306 was unconstitutional because it imposed workers' compensation liability beyond the employer-employee relationship. *Id.* We explained that Article 5, Section 32, prevents the legislature from limiting recovery for injuries, but not from creating a new cause of action or right to recovery. *Id.* By passing section 81-1306, the General Assembly expanded, rather than limited, the remedies available to an injured employee by allowing him or her to recover from the prime contractor under certain circumstances. *Id.* For these reasons, we held in *Brothers* that Ark. Stats. 81-1306 was constitutional. *Id.*

In *Baldwin Co. v. Maner*, 224 Ark. 348, 273 S.W.2d 28 (1954), we further explained that Article 5, Section 32, "gives the legislature the power to limit the amount of recovery *only* in cases where the there is an employer-employee relationship." (Emphasis added.) By virtue of Ark. Stats. 81-1306, the legislature created a statutory employment relationship between the prime contractor and the subcontractor's employees when the subcontractor could not pay workers' compensation benefits. *Id.*

Under these facts, we held that the legislature could limit the employee's recovery against the prime contractor to workers' compensation benefits without running afoul of the Arkansas Constitution. *Id.*

*Baldwin* and *Brothers* dealt with the constitutionality of section 402, and not section 105, as is challenged in this case. However, these cases are helpful to the resolution of our issue because they establish that the General Assembly may limit tort liability only when there is an employment relationship between the parties. As previously discussed, the prime contractor in this case is not the statutory employer pursuant to section 402 because the subcontractor paid workers' compensation benefits to its injured employee. As mentioned in *Baldwin*, because there is no real or quasi-employment relationship between Stapleton and Limbaugh Construction under the facts of this case, the legislature cannot, pursuant to Article 5, Section 32, limit Stapleton's right to recover tort damages against Limbaugh.

This result is equitable because under the facts of this case Stapleton cannot recover workers' compensation benefits from Limbaugh under section 402 because Limbaugh is not the statutory employer. Stapleton also cannot recover tort damages from Limbaugh because section 105, as amended in 1993, gives the prime contractor absolute immunity from tort actions. Thus, Stapleton has no remedy against Limbaugh for its alleged negligence.

For these reasons, we hold that Ark. Code Ann. § 11-9-105(a), as amended by 1993 Ark. Acts 796, § 4, is unconstitutional as applied in this case because it grants tort immunity to a prime contractor even when there is no statutory employment relationship with the injured employee. Accordingly, the order of dismissal is reversed, and the case remanded for further consideration of Stapleton's wrongful-death action against Limbaugh Construction.

Reversed and remanded.