Mr. Raymond Simon, Director Arkansas Department of Education #4 State Capitol Mall Little Rock, AR 72201-1071
Dear Mr. Simon:
You have presented the following questions for my opinion:
 (1) If a resident school district has placed a non-resident school district on notice, for at least ten days, that the non-resident district has admitted without proper legal authority students from the resident district, can the resident district then simply file a petition with the Arkansas Department of Education seeking a transfer of state aid for each of the resident students attending the non-resident district, based upon A.C.A. § 6-18-205(b)(1), or is the resident school district first required to obtain a court order or judgment pursuant to A.C.A. § 6-18-202(e)? In other words, does a conflict exist between the statutory requirements of A.C.A. § 6-18-205(b)(1) and A.C.A. § 6-18-202(e)?
 (2) If a conflict does exist between A.C.A. § 6-18-205(b)(1) and A.C.A. § 6-18-202(e), which statutory authority controls with regard to the proper procedures by which a school district must petition the Arkansas Department of Education for a transfer of state aid for those resident students improperly attending a non-resident school district?
 (3) May the requirements of A.C.A. § 6-18-205(b)(1) and A.C.A. § 6-18-202(e) be read in harmony so that a school district wishing to petition the Arkansas Department of Education for a transfer of state aid must attach as part of its petition to the Department a court order or judgment finding that a school district has improperly admitted for ten school days or more a student or students the district should have known was a resident of another district?
RESPONSE
Question 1 — If a resident school district has placed a non-residentschool district on notice, for at least ten days, that the non-residentdistrict has admitted without proper legal authority students from theresident district, can the resident district then simply file a petitionwith the Arkansas Department of Education seeking a transfer of state aidfor each of the resident students attending the non-resident district,based upon A.C.A. § 6-18-205(b)(1), or is the resident school districtfirst required to obtain a court order or judgment pursuant to A.C.A. §6-18-202(e)? In other words, does a conflict exist between the statutoryrequirements of A.C.A. § 6-18-205(b)(1) and A.C.A. § 6-18-202(e)?
It is my opinion, as explained more fully below, that the provisions of A.C.A. § 6-18-205(b)(1)(A) and (B) and A.C.A. § 6-18-202(e) do not conflict.
I will begin by setting out the provisions of both statutes.
A.C.A. § 6-18-205(b)(1) states:
 (b)(1)(A) Any school district which admits for ten (10) school days or more a student the school district knows, or should have known, is a resident of another school district not included in a tuition agreement, or not officially transferred to it, shall be liable to the resident district of the student for an amount of money equal to the amount of state aid the resident district would have received or seven hundred fifty dollars ($750) per year, whichever is greater.
 (B) Either school district may petition the Department of Education to satisfy the liability by transferring that amount to the entitled school district from funds which the department would have distributed to the liable school district. Upon receipt of a petition, the department shall determine the amount of the liability and satisfy it by the transfer.
 (C) If a substantial question arises as to residence, the State Board of Education may decline to assess the penalty.
A.C.A. § 6-18-202(e) states:
 (e)(1) Any school district which admits for ten (10) school days or more a student the school district knows or should have known is a resident of another school district not included in a tuition agreement or not officially transferred to it shall be liable to the resident district of the student for an amount of money equal to the state equalization funding per student the complainant district would have received or seven hundred fifty dollars ($750) per year, whichever is greater.
 (2) Notice to a school district by a complainant school district that a student is attending illegally in the school district begins the running of the ten-day time period.
 (3) Causes of action arising under this subsection (e) may be brought in a court of competent jurisdiction.
 (4) The school district which admits the student shall have the burden of proof as to the student's residency.
 (5) Upon presentation of a court order or judgment finding that a school district has admitted for ten (10) school days or more a student the district should have known was a resident of another district, as set forth in subdivision (e)(1) of this section, the Department of Education will satisfy the defendant school district's liability by transferring to the complainant school district the appropriate amount of funds from state aid which the department would have distributed to the defendant school district. Such transfer will be made from the next payment due to the district from the department after the order is received by the department.
One of the fundamental rules of statutory interpretation is that two statutes addressing the same subject must be read harmoniously, if possible, so that both can be upheld. Stapleton v. M.D. Limbaugh Constr.Co., 333 Ark. 381, 969 S.W.2d 648 (1998). The two above-quoted statutes clearly address the same subject: the liability of a non-resident school district to a resident school district for knowingly admitting a non-resident student.
The only difference between these two statutes is their handling of what is to occur in the event that the factual question of the student's residence is disputed. In this regard, A.C.A. § 6-18-205(b) does not provide a means of resolving the dispute. It simply states that in the event of such a dispute, the Board of Education may decline to assess the penalty. The Board is not authorized to resolve the dispute. In contrast, A.C.A. § 6-18-202(e) is more extensive and specific. It provides for a court of competent jurisdiction to resolve disputes as to residence, and directs the Department of Education to assess the penalty upon presentation of a court order reflecting a finding that the non-resident district has, in fact, knowingly admitted a student from another district for 10 days or more.
In short, the two statutes do not conflict. A.C.A. § 6-18-205(b)(1) simply does not address the resolution of factual disputes, whereas A.C.A. § 6-18-202(e) does address this issue. The two can clearly be read harmoniously, and both can be upheld.
The result of my conclusion regarding this matter is that the Board can assess the penalty in the absence of factual disputes, without the necessity of a court order. However, in the event of such a dispute, the Board can decline to assess the penalty unless presented with a court order resolving the dispute.
Question 2 — If a conflict does exist between A.C.A. § 6-18-205(b)(1) andA.C.A. § 6-18-202(e), which statutory authority controls with regard tothe proper procedures by which a school district must petition theArkansas Department of Education for a transfer of state aid for thoseresident students improperly attending a non-resident school district?
As discussed in response to Question 1, it is my opinion that a conflict does not exist between A.C.A. § 6-18-205(b)(1) and A.C.A. § 6-18-202(e). The provisions of A.C.A. § 6-18-205(b)(1) will control if the facts of the case are undisputed, and the provisions of A.C.A. § 6-18-202(e) will control if the facts of the case are disputed.
Question 3 — May the requirements of A.C.A. § 6-18-205(b)(1) and A.C.A.§ 6-18-202(e) be read in harmony so that a school district wishing topetition the Arkansas Department of Education for a transfer of state aidmust attach as part of its petition to the Department a court order orjudgment finding that a school district has improperly admitted for tenschool days or more a student or students the district should have knownwas a resident of another district?
See response to Question 1.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh