2013 Ark. 23

**Dee Ann MILLER and Clayton Bratt, Appellants**

v.

**Dennis C. ENDERS, Appellee.**

**No. 12–530.**

Supreme Court of Arkansas.

Jan. 31, 2013.

Nichols Law Firm, by: Johnny L. Nichols, Harrison; and Blair & Stroud, Batesville, by: H. David Blair, for appellants.

Friday, Eldredge & Clark, LLP, Little Rock, by: Donald H. Bacon and Kimberly D. Young, for appellee.

KAREN R. BAKER, Justice.

This case arises from a medical helicopter accident that occurred on February 21, 2005, in Benton County, Arkansas. Air Evac EMS, Inc. ("EMS"), is the owner and operator of the helicopter and provided air-ambulance services to the area. Appellants, Dee Ann Miller and Clayton Bratt, and Appellee, Dennis Enders, were all employees of EMS. Miller was employed as a flight nurse, Bratt as an EMT, and Enders as a commercial pilot. On the day of the accident, Miller, Bratt, and Enders traveled from EMS's Claremore, Oklahoma,

facility to the scene of an automobile accident in Benton County, Arkansas. After picking up the victim of the accident, Enders piloted the helicopter toward the designated hospital. Shortly after take off, the helicopter crashed. Miller and Bratt suffered injuries, which they allege were caused by Enders's negligent operation of the helicopter. It is undisputed that Miller's and Bratt's injuries occurred during the course of their employment.

Miller and Bratt brought a negligence suit against Enders in the Benton County Circuit Court, alleging that Enders did not safely operate the helicopter according to what he knew or should have known as a licensed commercial pilot. The case was removed to the United States District Court for the Western District of Arkansas; however, it was nonsuited without prejudice on October 21, 2008. Miller and Bratt filed the current suit against Enders on January 12, 2009, again alleging that the damages they sustained as a result of the crash were proximately caused by Enders's negligent operation of the aircraft.

Enders filed an answer and a motion to dismiss. In his motion to dismiss, Enders argued that he was immune from suit pursuant to Ark.Code Ann. § 11–9–105 (Repl. 2012). Miller and Bratt argued that the existing case law extending an employer's tort immunity to a co-employee was erroneous and should be overruled because it was unconstitutional to extend that immunity. The circuit court agreed with Enders and granted his motion to dismiss based on the exclusive-remedy provision of the Workers' Compensation Act.

On May 11, 2009, Miller and Bratt filed a notice of appeal with this court. On February 25, 2010, we dismissed the appeal for lack of jurisdiction, holding that the Arkansas Workers' Compensation Commission had exclusive, original juris-diction to determine whether Enders has immunity under the workers' compensation statutes. *Miller v. Enders,* 2010 Ark. 92, 2010 WL 682268. On May 21, 2010, the Benton County Circuit Court entered an order transferring the case to the Arkansas Workers' Compensation Commission. On April 4, 2011, the ALJ entered an order concluding that at the time of the accident, Enders was performing his employer's duty to provide a safe work place for Miller and Bratt and was therefore entitled to immunity. Miller and Bratt appealed the ALJ's decision to the full Commission, and on July 6, 2011, the Commission affirmed and adopted the ALJ's findings and conclusions. On June 13, 2012, the court of appeals affirmed the Commission's decision. *Miller v. Enders,* 2012 Ark. App. 379, 2012 WL 2129354. On June 28, 2012, Miller and Bratt filed a petition for review before this court, which we granted.

Miller and Bratt present three issues on appeal: (1) the Commission's finding that Enders was not a third party is not supported by substantial evidence and is clearly erroneous, (2) the Commission's finding that an employer's tort immunity under Arkansas Code Annotated § 11–9–105 extends to a co-employee is erroneous, and (3) the Commission's extension of an employer's tort immunity to an actively negligent co-employee is in contravention of article 5 section 32 of the Arkansas Constitution.

*Third–Party Status & Co–Employee Immunity*

For their first two points on appeal, Miller and Bratt assert that the Commission erred in finding that Enders was not a third party for purposes of tort liability and erred in extending employer immunity to him as a co-employee. Relying on *Neal v. Oliver,* 246 Ark. 377, 438

S.W.2d 313 (1969), and Ark.Code Ann. § 11–9–410 (Repl.2012), Miller and Bratt argue that the definition of third-party for purposes of the Workers' Compensation Act includes Enders. They further argue that due to his third-party status, Enders is not entitled to employer immunity under Ark.Code Ann. § 11–9–105. Miller and Bratt assert that, although the Commission properly relied on this court's interpretations of §§ 11–9–410 and 11–9–105 in extending immunity to Enders, our holdings have misinterpreted the statutes and must be overruled. They argue that our precedent, *Brown v. Finney*, 326 Ark. 691, 932 S.W.2d 769 (1996), and *Barnes v. Wilkiewicz*, 301 Ark. 175, 783 S.W.2d 36 (1990), extending immunity to Enders as a co-employee fulfilling the employer's duty to provide a safe work environment is erroneous. They urge this court to overrule this precedent, asserting that we have failed to give effect to the plain meaning of the immunity statute, Ark.Code Ann. § 11–9–105, and the third-party-liability statute, Ark.Code Ann. § 11–9–410.

Relying on *Brown* and its progeny, Enders argues that the Commission's decision should be affirmed as having correctly determined that Enders is not a third party, but a co-employee performing the nondelegable duty of providing a safe environment and is entitled to immunity. Further, Enders responds that Miller and Bratt have failed to present a strong and compelling reason or an injustice that requires departure from controlling precedent.

In reviewing workers' compensation claims, we view the evidence in the light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence. *Crudup v. Regal Ware, Inc.*, 341 Ark. 804, 20 S.W.3d 900 (2000). "Substantial evidence exists if fair-minded persons could reach the same conclusion when considering the same facts." *Id.* at 809, 20 S.W.3d at 903. Further, "[T]he question of the correct application and interpretation of . . . statute is a question of law, which this court decides de novo." *Broussard v. St. Edward Mercy Health Sys., Inc.*, 2012 Ark. 14, at 3, 386 S.W.3d 385, 388.

At issue are Ark.Code Ann. §§ 11–9–410 and 11–9–105, and this court's interpretation of the terms "third-party" and "co-employees" acting as the employer under the statutes.

The Arkansas Workers' Compensation Act provides that "the rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee . . . from the employer." Ark.Code Ann. § 11–9–105(a) (Repl.2012). In other words, the remedies available to an employee under the Act are exclusive, and the employer will have immunity from additional suits. *Id.* Additionally, our law has extended this immunity to certain co-employees. *Brown*, 326 Ark. 691, 932 S.W.2d 769. Despite the fact that the Act provides exclusive remedies for suits between the employee and the employer, our laws do not prohibit an employee from any right to damages in a civil trial against a third party, regardless of whether the employee has previously made a claim for compensation against the employer. Ark. Code Ann. § 11–9–410(a)(1)(A). Section 11–9–410(a)(1)(A) provides in pertinent part that "the making of a claim for compensation against any employer . . . for the injury . . . of an employee shall not affect the right of the employee . . . to make claim or maintain an action in court against any third party for the injury."

In reviewing §§ 11–9–410 and 11–9–105, we construe the statutes so that no word is left void, superfluous, or insignificant, and we give meaning and effect to

every word in the statute, if possible. *McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007). "When interpreting statutes, our review is de novo, as it is for this court to decide what a constitutional and statutory provision mean." *Ark. Hotels and Ent't, Inc. v. Martin*, 2012 Ark. 335, 423 S.W.3d 49. "In considering the meaning of a statute, we consider it just as it reads, giving the words their ordinary and usually accepted meaning." *Nelson v. Timberline Int'l, Inc.*, 332 Ark. 165, 176, 964 S.W.2d 357, 362 (1998). However, when we construe the workers' compensation statutes we must strictly construe them. Ark.Code Ann. § 11–9–704(c)(3) (Repl.2012). "The doctrine of strict construction requires this court to use the plain meaning of the language employed." *Stewart v. Ark. Glass Container*, 2010 Ark. 198, at 6, 366 S.W.3d 358, 361–62.

We have previously examined these statutes with regard to claims against co-employees and whether such employees were third parties immune from suit as is at issue here. *Brown*, 326 Ark. 691, 932 S.W.2d 769. We have a long line of cases that have reviewed co-employee immunity. In *King v. Cardin*, 229 Ark. 929, 319 S.W.2d 214 (1959), we held that a negligent co-employee is a third party and that our workers' compensation law does not prevent an employee from maintaining an action for the negligence of a fellow employee. Then, in *Neal v. Oliver*, 246 Ark. 377, 438 S.W.2d 313 (1969), we held that an employer cannot delegate its duty to provide a safe work place to an employee. *See also Allen v. Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987). Next, in *Simmons First National Bank v. Thompson*, we held that a supervisory employee was immune from suit for failure to provide a safe workplace. 285 Ark. 275, 686 S.W.2d 415 (1985). We then extended that immunity to nonsupervisory employees who failed to provide a safe place to work when the injury occurred. *Allen, supra*. In *Barnes v. Wilkiewicz*, 301 Ark. 175, 177, 783 S.W.2d 36, 38 (1990), "we expanded the definition of the work place, determining that such a place was not static in the sense of being limited to the employer's physical premises or actual place of business." *Brown*, 326 Ark. at 697, 932 S.W.2d at 773. In *Brown*, we also held that co-employees who are fulfilling the employer's duty to provide a safe workplace are immune from suit under Ark. Code Ann. § 11–9–105, and we distinguished our holding in *King supra*, because the third party in *King* was not fulfilling the duties of his employer of providing a safe workplace. *Brown*, 326 Ark. at 698, 932 S.W.2d at 774.

*Brown* is directly on point for purposes of Miller and Bratt's appeal. In that case, the co-employee, Finney, was operating a vehicle at the direction of his employer, just as Enders was operating the helicopter. Brown and Finney were part-time co-employees who were employed to catch chickens for their employer. Neither party had any supervisory duties. Finney was delegated the job of driving the employees to the site, or farm, where the chickens were located. While Finney was driving, an accident occurred, and Brown was injured. Brown recovered worker's compensation and then sued Finney on a tort claim. The circuit court dismissed Brown's claim, and we affirmed, holding that Finney was performing the duty of his employer, to provide safe transportation, and was immune from liability under Ark.Code Ann. § 11–9–105.

Here, it is undisputed that Enders was neither Miller and Bratt's supervisor nor their employer or employee. The record demonstrates that Enders was a co-employee charged with the employer's duty to provide a safe workplace. Enders's sole responsibility was to operate the work-

place, a roving helicopter, in a safe manner and to safely transport patients. EMS's policies, procedures, and job description repeatedly state that Enders was to provide safe and efficient transport of patients needing emergency treatment, and as pilot-in-command, Enders was to ensure that all operations of the aircraft were in compliance with federal aviation requirements, the EMS manual, and state and local regulations thus ensuring safe, efficient mission completion. Further, as the pilot-in-command, Enders was delegated the authority concerning matters of flight safety and aircraft operation. Accordingly, Enders's only job was to provide safe air ambulance transportation for EMS patients and employees.

This court has consistently interpreted Ark.Code Ann. § 11–9–105 to extend immunity to co-employees, such as Enders, for actions arising from the alleged failure to provide a safe workplace because those employees are charged with the employer's nondelegable duty of providing a safe workplace. In reviewing the Commission's decision, we hold that it is supported by substantial evidence. Further, we decline Miller and Bratt's invitation to overrule our precedent. "The policy behind stare decisis is to lend predictability and stability to the law." *Cochran v. Bentley*, 369 Ark. 159, 174, 251 S.W.3d 253, 265 (2007). There is a strong presumption of the validity of prior decisions, and it is necessary, as a matter of public policy, to uphold prior decisions unless great injury or injustice would result. *Id.* Miller and Bratt have failed to demonstrate a great injustice or injury.

## *Ark.Code Ann. § 11–9–105 & Article 5, Section 32 of the Arkansas Constitution*

For their third point on appeal, Miller and Bratt argue that this court's interpretation of Ark.Code Ann. § 11–9–105 extending immunity to co-employees contravenes Ark. Const. Art. 5, § 32 because the immunity only applies to the actual employer and any extension of the immunity limits an injured party's recovery. Similar to their first two points on appeal, Miller and Bratt urge this court to overrule its precedent, arguing that we have interpreted Ark.Code Ann. § 11–9–105 in an unconstitutional manner. Ark. Const. art. 5, § 32.

Enders responds that this court should not review the constitutional challenge because Miller and Bratt failed to notify the Attorney General, as required by law,[1] and also asserts that they lack standing. Enders further asserts that if we do review the constitutional claim, our precedent extending immunity to co-employees is constitutionally sound.

In reviewing § 11–9–105 and art. 5, § 32, "the fundamental rule is that the words of the constitution or statute should ordinarily be given their obvious and natural meaning. We review issues of statutory construction de novo; it is for this court to decide what a statute means." *Kimbrell v. McCleskey*, 2012 Ark. 443, at 9, 424 S.W.3d 844, 850. Further, a cardi-

---

1. Ark.Code Ann. § 16–111–106(b) (Repl.2006) provides,

In any proceeding which involves the validity of a municipal ordinance or franchise, the municipality shall be made a party and shall be entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."

However, in this case, Miller and Enders do not challenge the constitutionality of the statute, but they assert that this court has interpreted the statute in an unconstitutional manner.

nal rule of statutory construction is to give effect to the intent of the legislature. *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d 464 (1998). In considering the meaning of a statute, we consider it just as it reads, giving the words their ordinary and usually accepted meaning. *Id.* "In ascertaining legislative intent, we look to the statutory language, subject matter, object to be accomplished, purpose to be served, remedy provided, legislative history, and other appropriate matters." *Henry v. Cont'l Cas. Co.*, 2011 Ark. 224, 381 S.W.3d 802 (internal citations omitted).

At issue here are art. 5, § 32 and Ark. Code Ann. § 11–9–105 and this court's interpretation of both. Prior to 1938, article 5, section 32 of the Arkansas Constitution provided that "[n]o act of the General Assembly shall limit the amount to be recovered for injuries resulting in death, or for injuries to persons or properly." Amendment 26, adopted in 1938, amended article 5, section 32:

> The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same. Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or properly; and in case of death from such injuries the right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted.

Ark. Const. art. 5, § 32.

Accordingly, Art. 5, § 32 provided the General Assembly the authority to pass our workers' compensation laws, and based on this provision, our General Assembly enacted Ark.Code Ann. § 11–9–105, which provides that, "the rights and remedies granted to an employee . . . on account of injury . . . shall be exclusive of all other rights and remedies of the employee." As discussed in Miller and Bratt's first two points, we have interpreted this statute to extend immunity to co-employees acting as the employer in providing a safe work place. On appeal, Miller and Bratt's argument on their third point is that art. 5, § 32 prohibits the extension of immunity past the actual employer and also prohibits limiting an insured party's recovery of damages.

Miller and Bratt rely on *Stapleton v. M.D. Limbaugh Construction Co.*, 333 Ark. 381, 969 S.W.2d 648 (1998), and argue that their situation is analogous to Stapleton's. However, Miller and Bratt's reliance on *Stapleton* is misplaced. In *Stapleton*, we addressed a case involving a "prime contractor" and its liability under the Act, including Ark.Code Ann. §§ 11–9–402 and 11–9–105. We held Ark.Code Ann. § 11–9–105(a), as amended by 1993 Ark. Acts 796, § 4, unconstitutional as applied because the law as applied to Stapleton created immunity for the prime contractor under both workers' compensation law and tort law. Stapleton could never recover from the prime contractor. *Stapleton*, 333 Ark. at 392, 969 S.W.2d at 653. However, in that case, we explained that because "there is no real or a quasi-employment relationship between Stapleton and [the prime contractor] . . . the legislature cannot, pursuant to art. 5 section 32, limit Stapleton's right to recover tort damages against [the prime contractor.]" *Id.* Stated differently, we have allowed immunity for the prime contractor when it has acted as employer, but in Stapleton's case there was no quasi-or real employment relationship with the prime contractor.

Additionally in *Stapleton,* we cited *Baldwin Co. v. Maner,* 224 Ark. 348, 273 S.W.2d 28 (1954), in which we reviewed art. 5, § 32, and we explained, "[the amendment] to the constitution removed the interdiction, contained in Section 32 of Article 5 ... against the General Assembly limiting the amount of recovery in personal injury cases insofar as an employee recovering from an employer is concerned. But the Amendment does not attempt to name the ones that are to be considered as employees or employers, nor is the legislature prohibited from providing by statute the ones that are to be regarded as employees or employers." *Baldwin,* 224 Ark. at 351, 273 S.W.2d at 30–31.

Further, our interpretation of Ark.Code Ann. § 11–9–105 is consistent with the purpose of our Workers' Compensation Act. In *Brown,* we explained the purpose of the Act:

> [T]he reason for the exclusivity provision in that section mirrors the general purpose behind our Workers' Compensation Act, which was to change the common law by shifting the burden of all work-related injuries from individual employers and employees to the consuming public with the concept of fault being virtually immaterial. With the passage of such statutes, employers gave up the common-law defenses of contributory negligence, fellow servant, and assumption of the risk and, likewise, employees gave up the chance of recovering unlimited damages in tort actions in return for certain recovery in all work-related cases. In other words, the exclusive benefits provision of our workers' compensation law favors both the employer and the employee.

*Brown,* 326 Ark. at 695, 932 S.W.2d at 771 (internal citations omitted).

Finally, our interpretation of § 11–9–105 has become part of the statute itself. *Pifer v. Single Source Transp.,* 347 Ark. 851, 69 S.W.3d 1 (2002). "The General Assembly is presumed to be familiar with the appellate courts' interpretation of its statutes, and if it disagrees with those interpretations, it can amend the statutes. Without such amendments, however, the appellate courts' interpretations of the statutes remain the law." *McCutchen v. City of Fort Smith,* 2012 Ark. 452, 19, 425 S.W.3d 671, 683 (internal citations omitted).

In reviewing the statute and art. 5, § 32, we find no error in the Commission's findings of fact and conclusions of law. We have consistently afforded immunity to co-employees that are acting as an arm of the employer. This extension does not limit recovery; it cloaks certain co-employees in limited fact scenarios with immunity as an employer when they are fulfilling their employer's duties to provide a safe work place. We further decline Miller and Bratt's invitation to overrule our precedent. "Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable." *Cochran v. Bentley,* 369 Ark. 159, 174, 251 S.W.3d 253, 265 (2007).

Affirmed; Court of Appeals' opinion vacated.