KENNETH S. HIXSON, Judge, dissenting. I respectfully dissent because there is no substantial evidence to support a finding that Curtis and Lemna were providing employment services when Curtis was injured in the golf cart. Injuries that occur during recreational or social activities for the employee’s personal pleasure are not compen-sable. Ark.Code Ann. § 11-9-102(4)(B)(ii). And, injuries that occur when an employee is not providing employment services are not compensable. Ark.Code Ann. § 11 — 9—102(4)(B )(iii). Whether one is providing employment services must be determined within the context of individual cases, employments, and working relationships, not generalizations made devoid of practical working conditions. Engle v. Thompson Murray, Inc., 96 Ark.App. 200, 239 S.W.3d 561 (2006) (recreational activity was deemed employment services where retreat was mandatory and injured employee was in charge of retreat activities). Recreational or social activities are within the course and scope of employment when the employer, by expressly or impliedly requiring participation, brings the activity within the orbit of the employment. Arthur |lsLarson, Larson’s Workers’ Compensation Law, § 22.01. Dial’s representative agreed in his testimony that “this was a golf outing made available to them if they wanted to participate,” and that he asked meeting attendees in advance whether they planned to participate, in order to make arrangements. The record was clear that some of the meeting attendees did not participate in the recreational golf outing. The employer expressly did not require participation, and there was no evidence that any “free flow of ideas” or “team building” occurred among corporate and other Dial employees on the golf course. Simply put, this was an optional golf outing for pure recreation, generously paid for by Dial. Payment for recreation alone does not constitute substantial evidence of employment services within the meaning of the Workers’ Compensation Act. Further, assuming arguendo, that I would find the injury occurred during the scope of employment, there is no substantial evidence to support a finding that ap-pellee Michael Lemna was entitled to immunity from tort. This cloak of immunity is to be given to a co-employee under limited fact scenarios when that co-employee is charged with, and fulfilling, the employer’s duty to provide a safe place to work. Miller v. Enders, 2013 Ark. 23, 425 S.W.3d 723; King v. Cardin, 229 Ark. 929, 319 S.W.2d 214 (1959). Something more than just being present on the “job” is required to place Lemna in the shoes of his employer for purposes of tort immunity. Lemna was not “charged with” transporting Curtis around the golf course. WOOD, J., joins in this dissent.