SLIP OPINION

Cite as 2017 Ark. 221

# SUPREME COURT OF ARKANSAS

No. CV-17-268

| | |
|---|---|
| BROOKSHIRE GROCERY COMPANY | **Opinion Delivered** June 8, 2017 |
| APPELLANT | PETITION FOR REVIEW |
| V. | FROM THE ARKANSAS COURT |
| | OF APPEALS |
| CLEON MORGAN, SR. | [NO. CV-16-850] |
| APPELLEE | COURT OF APPEALS OPINION VACATED; CASE REMANDED; IN RE MEMORANDUM OPINIONS, 16 ARK. APP. 301, 700 S.W.2D 63 (1985) OVERRULED; ARKANSAS SUPREME COURT RULE 5-2(e) AMENDED. |

**PER CURIAM**

On April 3, 2017, appellants filed a petition with this court asking us to review an opinion handed down by the court of appeals on March 15, 2017. In this Workers' Compensation case, neither the Full Commission nor the court of appeals issued a formal opinion. The Full Commission merely adopted the Administrative Law Judge's findings, and the court of appeals issued a memorandum opinion. In its memorandum opinion the court of appeals stated:

> It is the Commission's duty, not ours, to make credibility determinations, to weigh the evidence, and to resolve conflicts in the evidence and testimony. *Green v. N. Little Rock Sch. Dist.*, 2016 Ark. App. 512. Because the sole issue now before us is the sufficiency of the evidence, and because the Commission's opinion adequately explains its decision, we affirm by memorandum opinion. In re Memorandum Opinions, 16 Ark. App. 301, 700 S.W.2d 63 (1985) (per curiam).

*Brookshire Grocery Co. v. Morgan*, 2017 Ark. App. 170. We note, however, that the issue on

appeal was not one of disputed fact but whether the facts as presented led to the legal conclusion that the injured party, a Jefferson County Deputy Sheriff, was an employee or independent contractor when, while working as a security guard at a grocery store, he was injured while pursuing a shoplifter that he had arrested and who subsequently escaped.

We decline to consider appellant's petition without the issue first being analyzed by a court of law. The court of appeals's opinion provides no meaningful analysis. We therefore vacate the court of appeals's opinion and remand this case to the court of appeals to properly analyze this case.

When the court of appeals handed down its per curiam *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985), the court of appeals was just six years old and consisted of only six judges. The court faced a large backlog of cases, and as a means of managing a crushing workload, it promulgated its memorandum-opinion policy.

Since that time, however, the legislature doubled the number of judges on the court of appeals. Moreover, while the court of appeals averaged 869 cases per year disposed of by written opinion during the years 2001–2009, in 2016 it handed down only 570 written opinions. Accordingly, the rationale for handing down memorandum opinions no longer exists. We therefore overrule *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985) (per curiam). Hence forth, all briefed cases submitted to the court of appeals must be disposed of by full, written majority opinions.

Finally, Arkansas Supreme Court Rule 5-2(e) has previously allowed the court of appeals to issue memorandum opinions. Effective immediately, Rule 5-2(e) is amended to

read as follows:

(e) Opinion Form. Opinions of the Court of Appeals <u>shall</u> ~~may~~ <u>only</u> be in conventional form. ~~or memorandum form.~~