Cite as 2018 Ark. 23

# SUPREME COURT OF ARKANSAS

No. CV-17-259

| | | |
|---|---|---|
| | | Opinion Delivered: January 25, 2018 |
| GALE A. ASKINS | APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G202018] |
| V. | | |
| KROGER LIMITED PARTNERSHIP I AND SEDGWICK CLAIMS MANAGEMENT | APPELLEES | AFFIRMED; COURT OF APPEALS' OPINION VACATED. |

RHONDA K. WOOD, Associate Justice

Gale Askins appeals the Arkansas Workers' Compensation Commission's (Commission) denial of her claim that she sustained a compensable brain injury while working in a Kroger store. She argues that substantial evidence does not support the Commission's finding that her injury was the result of an idiopathic condition and not an unexplained, compensable fall. The Arkansas Court of Appeals affirmed, adopting the Commission's opinion, and we granted Askins's petition for review.[1] We affirm.

---

[1] We note that the Court of Appeals issued a memorandum opinion. *Askins v. Kroger Ltd. P'ship*, 2017 Ark. App. 165. We have since held that memorandum opinions are no longer acceptable. *Brookshire Grocery Co. v. Morgan*, 2017 Ark. 221. The court of appeals' decision in this matter exemplifies the danger of memorandum opinions, necessitating the need to end that practice. The court of appeals explained it was issuing a memorandum opinion because "[t]he Commission's opinion in this case includes a comprehensive review of the medical records, live testimony, and deposition testimony." *Askins*, 2017 Ark. App. 165, at 1–2. Unfortunately, the record reflects that the

Askins contends that she sustained a compensable brain injury when she fell while working at Kroger in March 2012. Although she could not remember the incident, she claimed she slipped and fell while carrying a tray of shrimp out of a cooler. Alternatively, she argued that her injury was unexplained and therefore compensable. Kroger argued that her injury was not sustained on the job because it was idiopathic and therefore not compensable because it was not related to her employment.

The administrative law judge (ALJ) agreed with Kroger. He denied and dismissed Askins's claim for initial benefits. He found that Askins fell due to syncope, which was caused by a preexisting arrhythmic heart condition, and that she did not fall from a work-related condition. Thus, the ALJ concluded that Askins suffered from an idiopathic fall, not an unexplained fall. The Commission and the court of appeals affirmed.

We review the court of appeals' decision as though it had been originally filed in this court. *VanWagner v. Wal-Mart Stores, Inc.*, 368 Ark. 606, 249 S.W.3d 123 (2007). We view the evidence in the light most favorable to the Commission's decision and affirm that decision if it is supported by substantial evidence. *Id.* Substantial evidence exists if reasonable minds could have reached the same conclusion. *Plante v. Tyson Foods, Inc.*, 319 Ark. 126, 890 S.W.2d 253 (1994). Therefore, to reverse the Commission's decision, we must be convinced that fair-minded persons considering the same facts could not have reached the conclusion made by the Commission. *Id.* It is the Commission's function to

---

Commission's opinion did not include a comprehensive review. The only comprehensive written review was prepared by the administrative law judge.

determine the credibility of witnesses and the weight given to their testimony and to resolve conflicts in medical testimony and evidence. *Estridge v. Waste Mgmt.*, 343 Ark. 276, 33 S.W.3d 167 (2000).

As the claimant, Askins must prove a compensable injury. Ark. Code Ann. § 11-9-102(4)(E) (Repl. 2012). A compensable injury is one arising out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i). To prove a compensable injury, she must show by a preponderance of the evidence a causal relationship between her employment and the injury with medical evidence supported by objective findings. Ark. Code Ann. § 11-9-102(4)(D).

On appeal, the issue is whether Askins's brain injury was due to an unexplained cause or whether the cause was idiopathic. An idiopathic fall is personal in nature or peculiar to the individual. *ERC Contractor Yard & Sales v. Robertson*, 335 Ark. 63, 71, 977 S.W.2d 212, 216 (1998). "Because an idiopathic fall is not related to employment, it is generally not compensable unless conditions related to employment contribute to the risk by placing the employee in a position, which increases the dangerous effect of the fall." *Id.* In contrast, a truly unexplained injury occurs while the employee is on the job and performing the duties of her employment, and therefore, the injury is compensable.

The ALJ's stated reason for denying benefits, which the Commission adopted, was that the preponderance of the evidence established that Askins fell as a result of syncope, which was caused by an arrhythmic heart condition, rather than a slip and fall or an unexplained fall. We hold that substantial evidence supported this decision.

3

At the hearing before the ALJ, Askins testified that she had no recollection of working at Kroger on the day of the incident. Although her husband claims she told him that she "slipped and fell and hit [her] head," in his deposition he also stated that she told him, "I guess I passed out." There was no other evidence to support the contention that she slipped. Rather, her co-worker, Henderson, testified that earlier in the day, Askins was not acting like her usual self and was "looking out into space," and after the incident she complained of being "light-headed." He also stated that the customer who witnessed the fall stated that she "fell out" or "passed out," which the ALJ understood to mean that she appeared to have fainted. Furthermore, Henderson stated that there were no foreign substances or water on the floor in the area where Askins fell, and she never mentioned to him that she slipped. Similarly, Askins's manager testified that Askins did not report to him that she had slipped. In fact, she had denied slipping and falling and had told him that she did not know how she ended up on the floor.

Additionally, Askins's medical history supported the conclusion that she had fainted because of arrhythmia. Askins had a history of arrhythmia and had an implantable cardioverter defibrillator (ICD) device implanted in 2011. Askins's treating cardiologist, Dr. De Bruyn, testified that arrhythmia can cause a person's blood pressure to drop precipitously, resulting in fainting. Although Askins's ICD device did not record an event on this particular date, Dr. De Bruyn admitted that the device may not record certain syncope incidents. Moreover, Askins told medical personnel that she had another syncope incident a week before her fall at Kroger. Given this evidence, substantial evidence exists

4

to support the Commission's decision to deny Askins benefits because her fall was idiopathic. Because Askins failed to prove that there was a causal connection between the fall and her employment, we affirm.

Finally, we reject Askins's additional argument that the positional-risk doctrine or the increased-risk doctrine is applicable. Under the positional-risk doctrine, an injury is compensable if it would not have happened but for the fact that the conditions or obligations of the employment put the claimant in the position where she was injured. *Deffenbaugh Indus. v. Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993). However, "this doctrine only applies when the risk is neutral, meaning that the risk which caused the injury was neither personal to the claimant nor distinctly associated with the employment." *Id.* at 104–05, 852 S.W.2d at 807–08. Under the increased-risk doctrine, injuries are compensable if the employment exposed the employee to a greater degree of risk than other members of the general public in the same vicinity. *Jivan v. Economy Inn & Suites*, 370 Ark. 414, 260 S.W.3d 281 (2007).

We find there was substantial evidence to support the Commission's decision on this point. Her argument that being required to carry a pan with both hands while walking increased her risk of falling is not supported by the evidence. Likewise, there was no evidence that Askins's job caused her to be more susceptible to syncopal episodes. The ALJ determined that Askins fell from syncope, which was caused by a preexisting heart condition. This condition was personal to Askins and therefore was not a neutral risk. Furthermore, Askins presented no evidence that working in the grocery deli put her at a

5

greater risk of injury than members of the public in the same vicinity. Consequently, we affirm the Commission's decision to deny Askins benefits on this ground as well.

Affirmed; court of appeals' opinion vacated.

BAKER and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** Because the record before the court supports that Askins suffered an unexplained compensable injury while at work performing her job duties, I dissent from the majority opinion.

Here, the record supports that Askins's fall was unexplained and therefore compensable. First, there were no witnesses to the accident. Henderson and Ridgell both testified that Askins had "fainted" or "passed out" but also testified that they did not witness the event, and Askins had no memory of how she fell when she was asked. Second, the medical evidence does not support that Askins suffered an idiopathic event. Askins's husband, William, testified that Askins was diagnosed with congestive heart failure and in 2005 had an internal defibrillator ("ICD") implanted, and she was prescribed Coumadin, a blood thinner. William further testified that Askins had not fainted or complained of being lightheaded prior to March 5, 2012. Also, Dr. De Bruyn testified that upon Askins's admittance to the hospital on March 6, 2012, he did not see anything unusual on her ICD readings. Dr. De Bruyn also testified that he could not testify with certainty whether Askins had fainted at work or slipped and fell. Further, the hospital admission records and medical notes from the hospital the day after the incident indicate that Askins reported both she had experienced fainting and she had not

6

experienced fainting the week prior to the fall at work. The record contains a March 6, 2012 hospital admission record indicating that Askins had reported no syncope.

Simply put, the record demonstrates that Askins did not suffer from synocopal events from 2005 to 2011. Further, the record demonstrates that there were no witnesses to the fall. Finally, the medical records from the day after the incident contradict each other. Based on this, the evidence does not point to the cause of the fall, rather, the evidence points to an unexplained fall and therefore would be a compensable injury. "Simply because [the claimant's] injury is unexplained does not render it noncompensable. [*Cedar Chemical v. Knight*,] 372 Ark. [233, 240,] 273 S.W.3d at [473, 478]2008)." *Pearson v. Worksource*, 2012 Ark. 406, at 8, 424 S.W.3d 311, 316. Based on our standard of review, substantial evidence does not support the Commission's conclusion. *See Pack v. Little Rock Convention Ctr. & Visitors Bureau*, 2013 Ark. 186, 427 S.W.3d 586.

Further, I must note that as the majority indicated in a footnote: "We note that the Court of Appeals issued a memorandum opinion. *Askins v. Kroger Ltd. P'ship*, 2017 Ark. App. 165. We have since held that memorandum opinions are no longer acceptable. *Brookshire Grocery Co. v. Morgan*, 2017 Ark. 221. The court of appeals' decision in this matter exemplifies the danger of memorandum opinions, necessitating the need to end that practice. The court of appeals explained it was issuing a memorandum opinion because '[t]he Commission's opinion in this case includes a comprehensive review of the medical records, live testimony, and deposition testimony.' *Askins*, 2017 Ark. App. 165, at 1–2. Unfortunately, the record reflects that the Commission's opinion did not include a

7

comprehensive review. The only comprehensive written review was prepared by the administrative law judge." Accordingly, Askins's case was comprehensively reviewed by only one reviewing judicial officer and is now being affirmed by a majority of this court.

Based on the reasons discussed above, I dissent from the majority opinion and would reverse and remand this matter to the Commission for an award of benefits.

HART, J., joins.

*Mickel & Chapman*, by: *Thomas W. Mickel* and *Brooklyn R. Parker*, for appellant.

*Barber Law Firm PLLC*, by: *Micheal L. Alexander*, for appellees.