Karen R. Baker, Justice, dissenting. Because the record before the court supports that Askins suffered an unexplained compensable injury while at work performing her job duties, I dissent from the majority opinion. Here, the record supports that Askins’s fall was unexplained and therefore com-pensable. First, there were no witnesses to the accident. Henderson and Ridgell both testified that Askins had “fainted” or “passed out” but also testified that they did not witness the event, and Askins had no memory of how she fell when she was asked. Second, the medical evidence does not support that Askins suffered an idiopathic event. Askins’s husband, William, testified that Askins was diagnosed with congestive heart failure and in 2005 had an internal defibrillator (“ICD”) implanted, and she was prescribed Coumadin, a blood thinner. William further testified that As-kins had not fainted or complained of being lightheaded prior to March 5, 2012. Also, Dr. De Bruyn testified that upon Askins’s admittance to the hospital on March 6, 2012, he did not see anything unusual on her ICD readings. Dr. De Bruyn also testified that he could not testify with certainty whether Askins had fainted at work or slipped and fell. Further, the hospital admission records and medical notes from the hospital the day after the incident indicate that Askins reported both she had experienced fainting and she had not ^experienced fainting the week prior to the fall at work. The record contains a March 6, 2012 hospital admission record indicating that Askins had reported no syncope. Simply put, the record demonstrates that Askins did not suffer from synocopal events from 2005 to 2011. Further, the record demonstrates that there were no witnesses to the fall. Finally, the medical records from the day after the incident contradict each other. Based on this, the evidence does not point to the cause of the fall, rather, the evidence points to an unexplained fall and therefore would be a com-pensable injury. “Simply because [the claimant’s] injury is unexplained does not render it noneompensable. [Cedar Chemical v. Knight,] 372 Ark. [233, 240,] 273 S.W.3d at [473, 478] [ (2008) ].” Pearson v. Worksource, 2012 Ark. 406, at 8, 424 S.W.3d 311, 316. Based on our standard of review, substantial evidence does not support the Commission’s conclusion. See Pack v. Little Rock Convention Ctr. & Visitors Bureau, 2013 Ark. 186, 427 S.W.3d 586. Further, I must note that as the majority indicated in a footnote: “We note that the Court of Appeals issued a memorandum opinion. Askins v. Kroger Ltd. P’ship, 2017 Ark. App. 165, 2017 WL 1024963. We have since held that memorandum opinions are no longer acceptable. Brookshire Grocery Co. v. Morgan, 2017 Ark. 221, 2017 WL 2473268. The court of appeals’ decision in this matter exemplifies the danger of memorandum opinions, necessitating the need to end that practice. The court of appeals explained it was issuing a memorandum opinion because ‘[t]he Commission’s opinion in this case includes a comprehensive review of the medical records, live testimony, and deposition testimony.’ Askins, 2017 Ark. App. 165, at 1-2. Unfortunately, the record reflects that the Commission’s opinion- did . not include a Iscomprehensive review. The only comprehensive written review was prepared by the administrative law judge.” Accordingly, Askins’s case was comprehensively reviewed by only one reviewing judicial officer and is now being affirmed by a majority of this court. Based on the reasons discussed above, I dissent from the majority opinion and would reverse and remand this matter to the Commission for an award of benefits. Hart, J., joins.