Josephine Linker Hart, Justice
This case is once more before this court pursuant to a petition for review filed by Brookshire Grocery Company (Brookshire). On April 3, 2017, Brookshire filed a petition asking us to review an opinion, Brookshire Grocery Co. v. Morgan , 2017 Ark. App. 170, 2017 WL 1019035, handed down by the court of appeals on March 15, 2017. We noted that in this workers' compensation case, neither the Commission nor the court of appeals had issued a formal opinion. Brookshire Grocery Co. v. Morgan , 2017 Ark. 221, 2017 Ark. 221. The Arkansas Workers' Compensation Commission (the Commission) merely adopted the administrative law judge's findings of fact and conclusions of law, and the court of appeals issued a memorandum opinion. Id. That memorandum opinion became the impetus for our decision to abolish the practice of disposing of fully briefed cases by memorandum opinion. Id. We overruled In re Memorandum Opinions , 16 Ark. App. 301, 700 S.W.2d 63 (1985) (per curiam), and we amended Arkansas Supreme Court Rule 5-2(e) to require that all opinions issued by the court of appeals "be in conventional form." Brookshire , 2017 Ark. 221.
We remanded the case to the court of appeals, requiring it to state in conventional-opinion form its reasoning for the disposition of the case. The court of appeals did so, issuing a new opinion on June 21, 2017. Brookshire Grocery Co. v. Morgan , 2017 Ark. App. 387, 525 S.W.3d 58. Brookshire again petitioned for review, and we granted its petition. We also allowed Brookshire to supplement the brief it had filed in the court of appeals. We now consider Brookshire's appeal on the merits, and we reverse and remand.
Brookshire appeals from a decision of the Compensation Commission (Commission). It found that, at the time of his injury, Deputy Cleon Morgan, Sr., had two employers, the Jefferson County Sheriff's Department and Brookshire. The Commission concluded that as "joint employers," both were liable for Deputy Morgan's workers'-compensation benefits. On appeal, Brookshire raises four points, which we have renumbered for the sake of simplicity:
I. Appellants cannot be liable for worker's-compensation benefits if Morgan was an independent contractor.
II. When the traditional factors are applied, they demonstrate Morgan was an independent contractor on the day of his injury.
*577 III. The court of appeals erred by considering factors that are wholly irrelevant to the issue of employee versus independent contractor.
IV. The court of appeals erred by inserting facts into the record.
In considering Brookshire's arguments on appeal, we first wish to make it clear that, consistent with our long-established practices and procedures, when we review a decision by the court of appeals, we treat the case as though it had been originally filed in this court. Askins v. Kroger Ltd. P'ship , 2018 Ark. 23, 535 S.W.3d 629. We will therefore treat Brookshire's arguments accordingly.
It is undisputed that Deputy Morgan injured his ankle on February 19, 2014, while working a part-time security job at a Brookshire grocery store. He noticed a female in the store who he believed was shoplifting. When he approached her, he found several pieces of merchandise concealed on her person. By his own description, when that occurred, he was in "arrest mode" and his "authority as a deputy kicked in." According to Deputy Morgan, he "sweet-talked" the suspect into accompanying him upstairs to the manager's office. Deputy Morgan recalled that sometimes the manager will decline to press charges and instead ban the shoplifter from the store. However, on the night in question, the manager insisted that the shoplifter go to jail. There, he handcuffed her and formally placed her under arrest. She then asked to be uncuffed so that she could use the restroom. When the restraint was unlocked, she bolted. Deputy Morgan sprained his ankle while sprinting after her down the stairs.
Deputy Morgan informed the sheriff's department of his injury. Initially, Deputy Morgan's medical expenses were submitted to his health-and-accident insurance carrier, but personnel at the sheriff's department told him it was a workers'-compensation claim. He eventually was held out of work for five weeks.
Brookshire contested its liability for Deputy Morgan's workers'-compensation benefits, arguing that he was an independent contractor, not an employee. The issue was tried before an administrative law judge, with only Deputy Morgan testifying.
Deputy Morgan stated that he joined the Jefferson County Sheriff's Department on January 1, 2010, and he currently worked in the patrol division. For his work, he wears a uniform and a gun. He noted that he was trained at the police academy in Camden. His usual shift at the sheriff's department was from 8:00 a.m. to 5:00 p.m., five days a week.
After serving with the sheriff's department for a year, he was allowed to file a formal written request for off-duty employment. Deputy Morgan noted that most of the deputies in the department engaged in off-duty security work. His request was approved. The department had a specific off-duty work policy. It restricted deputies to no more than twenty hours of part-time work per week. According to Deputy Morgan, while on location in their off-duty jobs, the deputies were required to "follow the policy of the Sheriff's Department and wear [their] uniform, carry [their] gun and handcuffs." He also stated that he carried a Taser. Deputy Morgan confirmed not only that Brookshire did not supply him with any type of equipment, but also that the sheriff's office required him to wear to Brookshire "exactly what I wear doing my regular duties." During his security work for Brookshire, as in any off-duty situation, he was authorized to make arrests at the store. He was also allowed to drive his patrol vehicle to his security job at Brookshire. He also noted that if he encountered a person who had an outstanding warrant *578 while he was working his security job, he was obligated to serve the warrant.
Deputy Morgan further testified that, aside from telling him to make sure that nobody was left in the store at closing time and to watch for shoplifters, he received no direction from Brookshire regarding how to do his job. Initially, his duties were shown to him by a fellow deputy. He did not even interview with anyone at Brookshire before accepting security work. The manager of the store where Deputy Morgan worked did not directly schedule his security work. The scheduling was done by Lafayette Wood, who set his hours and chose his work locations. Deputy Morgan failed to identify whether Wood was an employee of Brookshire or merely coordinated off-duty security work by deputies for various entities. All part-time work had to be approved by his superiors in the sheriff's department.
Deputy Morgan stated that his compensation was $18 an hour, with nothing withheld by Brookshire. He received no employee benefits from Brookshire. His hours were kept on a sign-in sheet at the store. When he arrived at a work location, he was required to report to the sheriff's department that he was "10-8," which meant that he was in the service area of Brookshire, working part time. According to Deputy Morgan, he was "basically on duty twenty-four hours."
As noted previously, the administrative law judge concluded that at the time of Deputy Morgan's injury, Brookshire and the Jefferson County Sheriff's Department were "joint employers" and that both were liable for Deputy Morgan's "benefits and expenses." The Full Commission affirmed and adopted the administrative law judge's findings of fact and conclusions of law. Brookshire timely filed a notice of appeal.
We first note our standard of review. We view the evidence in the light most favorable to the Commission's decision and affirm that decision if it is supported by substantial evidence. Id. Substantial evidence exists if reasonable minds could have reached the same conclusion. Id. (citing Plante v. Tyson Foods, Inc. , 319 Ark. 126, 890 S.W.2d 253 (1994) ). We now turn to Brookshire's argument on appeal.
Because Brookshire's first and second points are so closely related, we consider them simultaneously. Brookshire argues that Deputy Morgan, an off-duty sheriff's deputy, was an independent contractor when he was injured while working part time for Brookshire. Citing Dillaha Fruit Co. v. LaT ourrette , 262 Ark. 434, 437, 557 S.W.2d 397, 399 (1977), for the proposition that joint employment exists only where relation of employer to employee is simultaneously maintained, Brookshire asserts that before a company can become a joint employer, the person being paid for services must, in fact, be an employee of the company. Further, in determining whether a person is an independent contractor or an employee, courts must review the totality of the circumstance. Blankenship v. Overholt , 301 Ark. 476, 479-80, 786 S.W.2d 814, 815 (1990). Brookshire argues that this court uses the factors listed in Restatement (Second) of Agency § 220 to evaluate the relationship, focusing especially on the degree of control. Brookshire lists these factors as (1) the extent of control that the master exercises, (2) whether the worker is engaged in a distinct occupation or business, and (3) if the work is a part of the regular business of the master. ConAgra Foods, Inc. v. Draper , 372 Ark. 361, 365, 276 S.W.3d 244, 248 (2008).
Using these factors to analyze its relationship with Deputy Morgan, Brookshire argues that the record is devoid of any evidence that demonstrates it had the *579 right to, or attempted to, control the details or manner in which Deputy Morgan conducted his security duties. It notes that Deputy Morgan himself admitted that Brookshire did not control his activities. It asserts that it did not tell Morgan what to wear, where to stand, or how to conduct himself while providing security, and for all practical purposes, Deputy Morgan appeared as if he were performing work for the sheriff's department while providing security for Brookshire. Furthermore, all objective factors indicate that the only control Brookshire exercised was that it could pay Morgan to provide a police presence or to stop contracting with him. Brookshire argues that it paid him for the result and did not scrutinize the means by which he achieved it. Even though Deputy Morgan was being paid by Brookshire when he was injured, he nevertheless was under the control and supervision of the sheriff at all times. While Brookshire acknowledges that it was asked if it wished to press charges, the whole point of asking whether a crime victim wishes to press charges is to gather the consent of the victim to provide proof. Moreover, Brookshire argues that it was Deputy Morgan's independent decision to unlock the suspect's handcuffs after being notified that Brookshire would press charges that resulted in the injury.
Finally, Brookshire argues that other factors listed in the Restatement (Second) of Agency § 220(2) indicate that Deputy Morgan was an independent contractor. Brookshire asserts that it sells groceries, which is distinct from providing law enforcement or security. Further. Deputy Morgan wore his sheriff's-deputy uniform, gun, and other tools and was required by the department to arrest individuals inside Brookshire for crimes that had nothing to do with Brookshire's grocery store. We find these arguments persuasive.
The general rule is that one who hires an independent contractor is not responsible for his workers'-compensation coverage and claims. See Ark. Transit Homes, Inc. v. Aetna Life & Cas. , 341 Ark. 317, 16 S.W.3d 545 (2000). We have consistently held that an independent contractor is one who contracts to do a job according to his or her own method and without being subject to the control of the other party, except as to the result of the work. Id. There is no fixed formula for determining whether a person is an employee or an independent contractor, so the determination must be made based on the particular facts of each case. Id. However, as Brookshire asserts, we have endorsed the factors listed in section 220 of the Restatement second of Agency to guide the court's inquiry. Blankenship v. Overholt , 301 Ark. 476, 786 S.W.2d 814 (1990). As noted by the Blankenship court, section 220 of the Restatement (Second) of Agency sets out the various factors that are to be considered in determining whether a person is an employee or independent contractor:
(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
*580 (g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relation of master and servant; and
(j) whether the principal is or is not in business.
301 Ark. at 479, 786 S.W.2d at 815.
While Brookshire provided Deputy Morgan with compensation, that is of no moment because both employees and independent contractors are paid. Considering the Restatement factors, there is very little in the record to suggest that Deputy Morgan was not an independent contractor. Deputy Morgan testified that he is a certified law enforcement officer twenty-four hours a day. The sheriff's department required that he secure from them "permission" to provide security for Brookshire. Brookshire did not control what he wore-he was required by the sheriff's department to wear his uniform; Brookshire did not provide his tools-again department policy specified that he carry his gun and handcuffs. Brookshire never trained him-his job duties were shown to him by a fellow deputy. Deputy Morgan stated that his formal training as a law enforcement professional came from the police academy.
Further, there is nothing in the record to indicate that Deputy Morgan should be considered an employee of Brookshire. Brookshire did not interview him for his position. He was required to secure "permission" from the sheriff's department to work at the store. His time at Brookshire was scheduled by an individual who apparently was not directly connected with the store. Deputy Morgan was essentially a uniformed deputy who was assigned a time slot to provide a police presence at Brookshire to maintain law and order. Finally, Deputy Morgan testified that his work as a deputy sheriff took precedence over his security duties during his scheduled time at Brookshire.
Looking at the remaining Restatement factors, while it is true that Brookshire is a business entity, Brookshire is only in the business of selling groceries. Deputy Morgan described his job as providing a police presence to maintain order and prevent loss of property. Accordingly, all the factors that are to be considered in determining if Deputy Morgan was an employee or an independent contractor indicate that Deputy Morgan was an independent contractor. We therefore reverse and remand this case to the Workers' Compensation Commission for further proceedings consistent with this opinion.
Reversed and remanded; court of appeals opinion vacated.
Kemp, C.J., and Goodson and Wynne, JJ., dissent.