BART F. VIRDEN, Judge
Darann Diane Harrison appeals the Pulaski County Circuit Court's dismissal of her petition for review of the Arkansas Public Employees' Retirement System (APERS) decision denying her request for payment of survivor benefits and the agency's conclusion that there were no accumulated contributions held by APERS. We affirm.
I. Relevant Facts
Gladis Bright was an employee of the Marianna Public School System from January 1978 until June 1990.[1] Bright filed her application for retirement on November 4, 2015, and unfortunately, she passed away only four days later. On November 17, 2015, APERS, unaware of Bright's death, sent her a letter informing her that she was a noncontributory member with twelve years and six months of service as of June 1990. The letter stated that Bright had selected annuity Option A120 and had designated Harrison, her daughter, as her beneficiary. The letter explained that if Bright died before she received all 120 payments, her designated beneficiary would receive the same benefit amount that she had been receiving. The section entitled "Survivor Benefit" set forth that
[b]ecause you are vested for benefits, your eligible survivors may qualify for payments should you decease prior to retirement. Please advise your family to contact this office for information in the event of your death. A spouse, to whom you've been married at least one year, will be eligible for a benefit figured as if you retired on the day prior to your *707 death and elected Option B75. Dependent children are also eligible for survivor benefits. There is no redactor for age applied to these benefits.
On April 23, 2016, Harrison's attorney received an email from Jay Wills[2] who informed him that because Bright passed away two months before her retirement was effective and before the A120 annuity payments had begun, and because Harrison was not a surviving spouse or a dependent minor child, no benefits were available to her. Wills explained that if Bright had passed away after the annuity payments had commenced, Harrison would have been eligible to collect the remainder of the payments. Wills also explained that Bright was not a contributory member; thus, there were no accumulated retirement contributions to pass to the estate.
Harrison appealed the decision to the APERS Board of Trustees ("Board"). The parties stipulated that Bright was a noncontributory member of APERS for twelve years and six months, that she filed her application for retirement on November 4, 2015, that Bright selected the annuity Option A120, that she designated her daughter as the beneficiary, and that Bright died on November 8, 2015, about two months before her retirement date of January 1, 2016.
APERS provided the Board with a written determination in which it concluded the following: Arkansas Code Annotated section 24-4-608(a) (Repl. 2014) requires that an employee file a retirement application no less than thirty days before the first of the month in which he or she desires to retire, and Bright requested that her retirement begin January 1, 2016. Bright selected A120 retirement benefits under Arkansas Code Annotated section 24-4-606(a)(2) (Repl. 2014). Bright died before her retirement began, and because her retirement was not effective when she died, Arkansas Code Annotated 24-4-608 governed any survivor benefits. Under Arkansas Code Annotated section 24-4-608, only the surviving spouse, dependent parents, or dependent children are entitled to survivor's benefits. Bright was not a contributory member, and Arkansas Code Annotated section 24-4-101(12) (Supp. 2017) defines contributory member as one who contributes 5 percent or 6 percent of compensation to APERS. Subsection (26) defines "noncontributory member" as "one who does not contribute a portion of compensation." Arkansas Code Annotated section 24-4-602 (Repl. 2014) allows a refund of a deceased contributory member's own contributions, and employer contributions are not refunded.
At the hearing, Harrison contended that because Bright chose annuity Option A120, and not Option B75, APERS erroneously based its decision on section 24-4-608. Harrison also asserted that pursuant to section 24-4-608(g) and section 24-4-1102 (Repl. 2014) she is entitled to receive all employer contributions that accumulated during Bright's employment.
Wills refuted Harrison's claim that she is entitled to collect Bright's annuity payments because, Wills explained, Bright passed away before she reached retirement, and the balance of an annuity is paid to a beneficiary only when the employee's retirement has begun. Wills testified at the hearing that because Bright passed away before her retirement began on January 1, she was not a retirant and section 24-4-608, known as the "death in service" statute, applies here. Wills explained that the death-in-service statute provides that only dependent children, a spouse, and dependent *708 parents are eligible for survivor benefits.
Wills also testified that pursuant to Arkansas Code Annotated section 24-4-602, if an employee dies before all the annuity payments are made to the retirant, those contributions must either be refunded to the estate or paid to the designated beneficiary. Wills explained that as a noncontributory member, Bright had no contributions to refund. Wills responded to Harrison's assertion that section 24-4-1102 allows her to inherit any accumulated employer contributions. Wills testified that, in fact, the purpose of section 24-4-1102 is to allow the employer to "pick up" for the employee what would have been the tax liability for retirement contributions. On November 9, 2017, Harrison filed a petition for judicial review of the Board's decision, and ultimately, the circuit court affirmed the agency decision and denied her petition, dismissing it with prejudice.[3] Harrison filed a timely notice of appeal.
II. Points on Appeal
A. Arkansas Code Annotated Section 24-4-608
For her first point on appeal, Harrison argues that the Board erred in its decision that Arkansas Code Annotated section 24-4-608 applies here and prohibits her from receiving Bright's annuity payments. Harrison also argues that the agency erred in its determination that she is not entitled to any accumulated retirement contributions pursuant to subsection (g). Harrison's arguments are not well taken, and we affirm the agency decision.
Although the circuit court ruled in this case, appellate review is directed not toward the circuit court's order, but toward the order of the administrative agency. Voltage Vehicles v. Ark. Motor Vehicle Comm'n , 2012 Ark. 386, 424 S.W.3d 281. Judicial review of administrative agency decisions is governed by the Arkansas Administrative Procedure Act, which limits our inquiry to the question of whether the administrative agency's decisions violate constitutional or statutory provisions; exceed the agency's statutory authority; involve an unlawful procedure; are the result of an error of law; are not supported by substantial evidence; or are arbitrary, capricious, or characterized by abuse of discretion. Ark. Code Ann. § 25-15-212(h) (Repl. 2014).
In our review, we consider the entire record and give the evidence its strongest probative force in favor of the administrative agency's decision. Voltage Vehicles, supra. For us to invalidate an administrative agency's order as arbitrary or capricious, we must hold that an agency's decision lacked a rational basis or relies on a finding of fact based on an erroneous view of the law. Id. Even so, when the administrative agency's decision is supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary. Id.
*709 Our appellate courts review issues of statutory construction de novo; however, we give great deference to the administrative agency's interpretation of a statute or regulation that the agency is charged with administering. Ark. State Hwy. & Transp. Dep't v. Lamar Advantage Holding Co. 87. Id. We will not overrule the agency's interpretation unless it is clearly wrong. Id.
Harrison contends that APERS's reliance on Arkansas Code Annotated section 24-4-608 to support its conclusions is erroneous because section 24-4-608 applies only when the B75 annuity option has been chosen by the employee. She argues that because Bright chose Option A120, section 24-4-608 is inapplicable here, and APERS's decision was arbitrary and capricious. Harrison misinterprets the statute.
Arkansas Code Annotated section 24-4-608 entitled "Payment of benefits upon death of member before retirement-Exception" provides in pertinent part as follows:
(a) Effective July 1, 2001, if an active member or former member with five (5) or more years of actual service dies before retirement, the applicable benefits provided in this section shall be paid upon written application to the Board of Trustees of the Arkansas Public Employees' Retirement System.
....
(c)(1) A member's or former member's surviving spouse who was married to the member at least the one (1) year immediately preceding his or her death shall receive an annuity computed in the same manner in all respects as if the member or former member had:
(A) Retired the date of his or her death with entitlement to an annuity provided for in § 24-4-601;
(B) Elected the Option B75 survivor annuity provided for in § 24-4-606(a)(4) ; and
(C) Nominated his or her spouse as joint beneficiary.
(Emphasis added.)
Arkansas Code Annotated section 24-4-608 does not require that the employee choose annuity Option B75 annuity. It clearly states that when an employee dies before retirement has begun, and there is a surviving spouse, then it is as though the employee had chosen Option B75. In other words, if a member dies before retirement begins, then the surviving spouse shall receive an annuity as if the following had occurred: (1) the member had retired on the date of death, (2) the member had chosen Option B75, and (3) the member had chosen his or her spouse as a joint beneficiary. We find no error in the agency's decision.
This leads us to Harrison's contention that according to Arkansas Code Annotated section 24-4-608(g), the employer's contributions should have been paid to the estate. Subsection (g) provides
(1) In the event that all the annuities provided for in this section payable on account of the death of a member or former member terminate before there has been paid an aggregate amount equal to his or her accumulated contributions standing to his or her credit in the members' deposit account at the time of his or her death, the difference between the accumulated contributions and the aggregate amount of annuity payments shall be paid to such person as he or she shall have nominated by written designation duly executed and filed with the board.
(2) If there is no designated person surviving at termination, the difference shall be paid to the member's or former member's estate.
*710 It is undisputed that Bright was a noncontributory member, and no employee contributions accumulated to be paid to Harrison as the beneficiary; however, Harrison argues that Arkansas Code Annotated section 24-4-1102 entitled "Member Contributions" provides that member contributions made by the employer are the same as member contributions made by the employee. Harrison contends that according to subsection (g), she is entitled to inherit all employer contributions that accumulated during Bright's career. Arkansas Code Annotated section 24-4-1102(b)(2) provides the following:
(A) Member contributions picked up by the employer shall be paid from the same source of funds used for the payment of salary to a member.
(B) The employer shall be solely responsible for remitting member contributions to the system in a manner consistent with § 24-4-202, including without limitation compliance with deadlines and penalties.
(C) A deduction shall be made from each member's salary equal to the amount of the member's contribution picked up by the employer.
(D) For all other purposes, member contributions picked up by the employer shall be considered member contributions.
The agency decision that section 24-4-1102 does not apply to Bright because it applies only to "contributory members" is not clearly wrong. "Contributory member" is defined as a person who was a member of APERS prior to January 1, 1978, and who continues to contribute 6 percent of his or her compensation to the system. Ark. Code Ann. § 24-4-101(12). The agency did not err in deciding that the statute does not apply to Bright because the years at issue here are from 1978 to 1990, and not prior to 1978 as required by the definition of "contributory member." Moreover, Bright did not contribute any percentage of her salary during that time; thus, the statute does not apply for this reason as well, and we affirm the agency decision. Wills explained that Harrison misunderstood the meaning of section 24-4-1102, which in fact governs the "employer pick up" of tax liability, and as we stated above, we give great deference to the administrative agency's interpretation of a statute or regulation that the agency is charged with administering, and we will not overrule the agency's interpretation unless it is clearly wrong. Lamar Advantage, supra.
B. Arkansas Code Annotated Sections 24-4-601 to -602
Harrison asserts that APERS clearly erred in deciding that Arkansas Code Annotated section 24-4-602 does not apply under these facts. Harrison's argument fails.
We find no error in APERS's decision that section 24-4-602 applies only to retirants who choose a straight-life annuity under section 24-4-601. Arkansas Code Annotated section 24-4-602 provides that "[i]n the event a retirant who is in receipt of a straight life annuity dies before he or she has received in straight life annuity payments...." Bright chose the A120 annuity option, which is set forth as an alternative to a straight life annuity in section 24-4-601. Arkansas Code Annotated section 24-4-606(a) provides that "a member may elect to receive his or her annuity as a straight-life annuity or may elect to have his or her annuity reduced and nominate a beneficiary in accordance with the provisions of one (1) of the following options[.] " (Emphasis added.) Option A120, the option chosen by Bright, is an alternative to a straight-life annuity. Harrison's *711 argument that section 24-4-602 applies to her situation has no merit, and we affirm.
Also under this heading, Harrison contended that APERS erred in finding that her mother was not a "retirant" as defined by Arkansas Code Annotated section 24-4-101(23). Because our holding above resolves this issue, we decline to review this point.
Affirmed.
Abramson and Hixson, JJ., agree.

In June 1990, Bright left employment with the Marianna Public School System and began working for the Little Rock School District.

Wills was deputy director of APERS at the time of the hearing.

On July 13, 2018, by its own motion the circuit court vacated the order denying the petition. On August 15, 2018, the circuit court entered a new order granting Harrison's petition in part and denying and dismissing it in part. The circuit court found that APERS clearly erred in finding that Harrison is not entitled to a survivor benefit, and it reversed and remanded to the board to enter an award of benefits. The circuit court found that substantial evidence supported APERS's determination that there were no accumulated contributions held by APERS to refund to Harrison because her mother had been a noncontributory member. On August 23, 2018, the circuit court entered an order setting aside and vacating the August 15 order. On the same day, the circuit court entered an order identical to the first order denying the petition and dismissing with prejudice.