Cite as 2020 Ark. 136

# SUPREME COURT OF ARKANSAS

No. CV–18–607

|  |  |
|---|---|
| | **Opinion Delivered:** April 9, 2020 |
| MARY KATHERINE MYERS, WIDOW OF [MICHAEL EARL MYERS] AND ADMINISTRATRIX OF THE ESTATE OF MICHAEL EARL MYERS, DECEASED<br><br>APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G401823] |
| V. | |
| YAMATO KOGYO COMPANY, LTD.; SUMITOMO CORPORATION; ARKANSAS STEEL ASSOCIATES; SUMITOMO CORPORATION OF AMERICAS D/B/A SUMITOMO CORPORATION OF AMERICA; SC STEEL INVESTMENT, INC.; SC STEEL INVESTMENT, LLC; YAMATO KOGYO (U.S.A.) CORPORATION; AND YAMATO KOGYO AMERICA, INC.<br><br>APPELLEES | <u>AFFIRMED; COURT OF APPEALS OPINION VACATED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Mary Myers asks us to set aside an order of the Arkansas Workers' Compensation Commission concluding that parent companies of a direct employer are immune from tort liability under the exclusive remedy statute. She contends that the statute shields only "actual" employers having a direct employment relationship with the claimant. Because the parent corporations were merely "principals" and "stockholders" without a direct

employment relationship with her deceased husband, Myers argues they may not be granted immunity under section 11-9-105(a) or article 5, section 32 of the Arkansas Constitution. We disagree. The Commission's order is affirmed.

I.

In February 2014, Michael Myers was employed as a steel plant ladleman by Arkansas Steel Associates, LLC, in Newport, Arkansas. While he was working in the plant's melt shop, a ladle of molten steel spilled from a hot metal crane and engulfed his body. He died from the resulting injuries. Arkansas Steel Associates did not dispute that Michael Myers's death was work related and paid workers' compensation benefits to his widow, Mary Myers.

Myers subsequently filed a wrongful death suit against, as relevant here, Arkansas Steel Associates' parent companies. The parent companies—appellees in this case—are seven corporations that own, either directly or indirectly, Arkansas Steel Associates.[1] The circuit court, in part, transferred jurisdiction to the Arkansas Workers' Compensation Commission to determine whether the parent companies were entitled to immunity under the exclusive remedy provision of the Arkansas Workers' Compensation Act. *See* Ark. Code Ann. § 11-9-105(a) (Supp. 2017).

The parties stipulated to several facts below, including the corporate structure of Arkansas Steel Associates. In short, the parties stipulated that the appellee parent companies were principals or stockholders of Arkansas Steel Associates. Additionally, undisputed

---

[1]The appellee parent companies include: Yamato Kogyo Company, Ltd.; Sumitomo Corporation; Sumitomo Corporation of Americas d/b/a Sumitomo Corporation of America; SC Steel Investment, Inc.; SC Steel Investment, LLC; Yamato Kogyo (U.S.A.) Corporation; and Yamato Kogyo America, Inc.

2

evidence showed that the parent companies were separate and distinct entities from Arkansas Steel Associates. They were not involved in employment decisions at Arkansas Steel Associates, such as hiring or firing employees, paying wages, training, providing workers' compensation or other benefits, or establishing work schedules. At the time of the accident, there were no direct employees of the parent corporations present at the jobsite. Moreover, there was no evidence that any direct employee ever met Michael Myers.

Myers argued that Arkansas Steel Associates was the sole "actual" employer and, therefore, the only entity entitled to immunity under the exclusive remedy provision. According to the parent companies, Myers's "actual" employer analysis was not relevant to the immunity determination. Rather, they argued the decisive question was simply whether they were principals or stockholders of an immune employer. The Commission agreed. It concluded that the parent companies were "party-employers acting within the employer-shareholder role" and entitled to immunity as principals and stockholders of Arkansas Steel Associates under Arkansas Code Annotated § 11-9-105(a). Given this employer-employee relationship, the Commission further held that the parent companies' statutory entitlement to immunity was consistent with article 5, section 32 of the Arkansas Constitution.

The court of appeals affirmed the Commission's decision. *See Myers v. Yamato Kogyo Co., Ltd.*, 2019 Ark. App. 306, 578 S.W.3d 296. We granted Myers's petition for review and now consider this case as though it had been originally filed in this court. *See Woodall v. Hunnicutt Constr.*, 340 Ark. 377, 379, 12 S.W.3d 630, 631 (2000).

II.

The outcome of this case turns on the interpretation of section 11-9-105(a). We acknowledge confusion in prior cases regarding the standard of review for agency interpretations of a statute and believe that clarification is warranted to address the level of deference due. In cases involving the Commission's interpretation of statutes, we have conducted a de novo review. *See, e.g.*, *Miller v. Enders*, 2013 Ark. 23, at 4, 425 S.W.3d 723, 726; *Ark. Game & Fish Comm'n v. Gerard*, 2018 Ark. 97, at 4–5, 541 S.W.3d 422, 425–26. Recognizing that it is for this court to determine what a constitutional or statutory provision means, we did not afford deference to the Commission's interpretation. *Id.* "[W]here the statute is not ambiguous, we will not interpret it to mean anything other than what it says." *Second Injury Fund v. Osborn*, 2011 Ark. 232, at 4; *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 339, 969 S.W.2d 190, 192 (1998).

The court of appeals has articulated a different standard encompassing both de novo and deferential review: Though the "correct interpretation and application of an Arkansas statute is a question of law, which [the court] decides de novo," the Commission's statutory interpretation is "highly persuasive and, while not binding on [the court], will not be overturned unless it is clearly wrong." *St. Edward Mercy Med. Ctr. v. Howard*, 2012 Ark. App. 673, at 4, 424 S.W.3d 881, 885–86; *see also Harrison v. Ark. Public Employees' Ret. System*, 2019 Ark. App. 179, at 6–7, 574 S.W.3d 705, 709 (agency interpretation given "great deference"). We have in some cases adopted a de novo but deferential "clearly wrong" review for an agency's statutory interpretation. *See, e.g.*, *Ark. Dep't of Human Servs. v. Pierce*, 2014 Ark. 251, at 7, 435 S.W.3d 469, 473 ("We review issues of statutory

4

interpretation de novo; however, the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong."); *McLane Southern, Inc. v. Ark. Tobacco Control Bd.*, 2010 Ark. 498, at 16, 375 S.W.3d 628, 640 (same). Yet, in other cases, we omitted the de novo standard and announced only the deferential "clearly wrong" review. *See, e.g.*, *Brookshire v. Adcock*, 2009 Ark. 207, at 11, 307 S.W.3d 22, 29.

Even more concerning is the risk of giving core judicial powers to executive agencies in violation of the constitutional separation of powers. *See* Ark. Const., art. 4, §§ 1–2. Indeed, the separation of powers doctrine is "a basic principle upon which our government is founded and should not be violated or abridged." *Protect Fayetteville v. City of Fayetteville*, 2019 Ark. 28, at 7, 566 S.W.3d 105, 109–110 (internal quotation omitted). The judicial branch has the "power and responsibility to interpret the legislative enactments." *Id*. And the executive branch has the "power and responsibility to enforce the laws as enacted and interpreted by the other two branches." *Id*. By giving deference to agencies' interpretations of statutes, the court effectively transfers the job of interpreting the law from the judiciary to the executive. This we cannot do.

Accordingly, we clarify today that agency interpretations of statutes will be reviewed de novo. After all, it is the province and duty of this Court to determine what a statute means. *See Farris v. Express Servs., Inc.*, 2019 Ark. 141, at 3, 572 S.W.3d 863, 866. In considering the meaning and effect of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. An unambiguous statute will be interpreted based solely on the clear meaning of the text. But

where ambiguity exists, the agency's interpretation will be one of our many tools used to provide guidance. Workers' compensation statutes must be strictly construed. *See Hendrix v. Alcoa, Inc.*, 2016 Ark. 453, at 4, 506 S.W.3d 230, 233; Ark. Code Ann. § 11-9-704(c)(3). The doctrine of strict construction requires this Court to use the plain meaning of the language employed. *Id*. Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. *See Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 279, 984 S.W.2d 1, 4 (1998).

We do not disturb the general standard of review for Commission decisions. The Commission has original exclusive jurisdiction to determine whether a tort action is barred by the exclusive remedy statute. *See VanWagoner v. Beverly Enters.*, 334 Ark. 12, 13, 970 S.W.2d 810, 811 (1998). The existence of an employer–employee relationship between the parties is a factual issue solely within the Commission's jurisdiction. *See Honeysuckle v. Curtis H. Stout, Inc.*, 2010 Ark. 328, at 7, 368 S.W.3d 64, 69. On appeal, we view the evidence in the light most favorable to the Commission's decision and affirm that decision if it is supported by substantial evidence. *See Brookshire Grocery Co. v. Morgan*, 2018 Ark. 62, at 5, 539 S.W.3d 574, 578. Substantial evidence exists if reasonable minds could have reached the same conclusion as the Commission. *Id*. Moreover, because the exclusive benefits statute favors both the employer and the employee, we take a narrow view of any attempt to seek damages beyond the exclusive remedy. *See Honeysuckle*, 2010 Ark. 328, 368 S.W.3d 64.

III.

The threshold issue is whether the parent companies are entitled to immunity under the exclusive remedy provision of the Workers' Compensation Act. *See* Ark. Code Ann. § 11-9-105(a). Though the parties stipulated to the parent companies' status as "principals" or "stockholders" of Arkansas Steel Associates, Myers contends that status alone is insufficient. Rather, Myers strenuously argues that immunity is granted only to "actual" or "true" employers having a direct employment relationship with her deceased husband. She claims that a contrary interpretation would violate both the exclusive remedy statute and article 5, section 32 of the Arkansas Constitution. On the other hand, the parent companies contend that they are immune under the statute because the General Assembly opted to extend immunity to principals and stockholders of an immune employer.

We begin with the text. Section 11-9-105(a) reads in full:

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from *the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer*, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. *No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee* shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Ark. Code Ann. § 11-9-105(a) (emphasis added). This case concerns the first italicized list of entities immune from tort. We must determine whether the limiting phrase "acting in his or her capacity as an employer" modifies "principal, officer, director, stockholder, or partner," or only "partner." According to Myers, the limiting phrase modifies each term

7

and, in effect, imposes an "actual" or "true" employer requirement for immunity. She then asserts that the parent companies do not fit within any of the categories because they were not "acting in [their] capacity as an employer." And thus, Myers argues that the parent companies are not entitled to immunity.

We reject Myers's position and conclude that "acting in his or her capacity as an employer" modifies only "partner," the antecedent immediately preceding it. Consider first the omission of the word "partner" at the end of subsection (a), where it states: "No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of the employer of the employee shall be relevant for consideration for purposes of this chapter[.]" Ark. Code Ann. § 11-9-105(a). The exclusion of "partner" and "acting in his or her capacity as an employer" in this portion of the statute counsels against Myers's position. If "acting in his or her capacity as an employer" modified "principal, officer, director, [and] stockholder" in the first sentence of subsection (a), the parallel reference to "principal, officer, director, or stockholder" in the second sentence would likely have a similar qualifying phrase. But there is none. Accordingly, we do not believe that the qualifying phrase "acting in his or her capacity as an employer" modifies "principal, officer, director, [or] stockholder" in the first sentence. Instead, the statute directs us to consider only whether a partner is acting in their capacity as an employer.

Our interpretation is further confirmed by the statute's use of the disjunctive particle "or." We have held that "or" marks an alternative, generally corresponding to "either," as "either this or that." *McCoy v. Walker*, 317 Ark. 86, 90–91, 876 S.W.2d 252, 254 (1994). In other words, "it is a connective that *marks an alternative*." *Id.* (emphasis in original). Under

the statute, immunity is granted to "the employer, *or* any principal, officer, director, stockholder, *or* partner acting in his or her capacity as an employer, *or* prime contractor of the employer[.]" Ark. Code Ann. § 11-9-105(a) (emphasis added). Based on the placement of "or" before "principal, officer, director, [and] stockholder," and again before "partner acting in his or her capacity as an employer," it is clear that the General Assembly intended to mark separate categories.

This interpretation is also confirmed by the "rule of the last antecedent." Under the rule, a limiting phrase following a list of terms or phrases "should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003); *see also* A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 144 (2012). In other words, "referential and qualifying phrases, where no contrary intention appears, relate only to the last antecedent." *McCoy*, 317 Ark. at 91, 876 S.W.2d at 254 (citing 2A Sutherland Statutory Construction § 47:33 (5th ed.)); *see also Bell v. Bd. of Directors*, 109 Ark. 433, 160 S.W. 390, 391 (1913) ("In the construction of statutes the general rule is that a limiting clause is to be restrained to the last antecedent, unless the subject–matter requires a different construction."). Applied here, the rule of the last antecedent means the phrase "acting in his or her capacity as an employer" modifies only the noun that immediately precedes it: "partner." The terms "principal, officer, director, [and] stockholder" are not similarly limited. This is further supported by the absence of a comma between "partner" and the limiting phrase. *See McCoy*, 317 Ark. at 90, 876 S.W.2d at 254 (evidence that a qualifying phrase applies to all antecedents instead of only the

9

immediately preceding one may be found in the fact that it is separated from the antecedents by a comma).

The parties' stipulations regarding the corporate structure of Arkansas Steel Associates provided evidence supporting the Commission's conclusion that the parent companies were principals and stockholders of Arkansas Steel Associates. Based on that status, the immunity provision of section 11-9-105(a) applied. Moreover, Myers did not allege that the parent companies had a status so completely independent from, and unrelated to, their status as principals and stockholders that would place the claims outside the normal employment context. Thus, we conclude that the Commission's finding that the parent companies were immune under the exclusive remedy provision is supported by substantial evidence in the record. Because Myers has already received death benefits from her husband's employer, she is not allowed to sue the parent companies in tort.

IV.

Myers also asserts that section 11-9-105(a) is unconstitutional to the extent it grants immunity to a defendant absent an employment relationship with the claimant. She contends that article 5, section 32 of the Arkansas Constitution permits workers' compensation laws to extend only to "actual" employers. We have previously rejected this argument and do not depart from those decisions today. *See Miller*, 2013 Ark. 23, at 9–12, 425 S.W.3d at 728–30 (rejecting "actual" employer argument); *Curtis v. Lemna*, 2014 Ark. 377, at 17 (same).

Article 5, section 32 of the Arkansas Constitution, as amended by amendment 26 in 1938, provides that:

The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, methods, and form for adjudicating claims arising under said laws, and for securing payment of same. Provided, that otherwise no law shall be enacting limiting the amount to be recovered for injuries resulting in death or for injuries to person or property; and in case of death from such injuries the right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted.

It is well settled that the General Assembly has authority to state who an employer is. *See Baldwin Co. v. Maner*, 224 Ark. 348, 351, 273 S.W.2d 28, 31 (1954). We have previously held that section 11-9-105(a) is unconstitutional to the extent it grants tort immunity to a prime contractor when there is no statutory employment relationship with the injured person. *See Stapleton v. M.D. Limbaugh Constr. Co.*, 333 Ark. 381, 390–92, 969 S.W.2d 648, 652–53 (1998). It follows that the General Assembly validly exercised its constitutionally granted authority when crafting section 11-9-105(a) to include "stockholders" and "principals" as "employers" for purposes of the statute. As discussed above, the Commission's conclusion that the parent companies were statutory employers as principals and stockholders of Arkansas Steel Associates is supported by substantial evidence. Accordingly, section 11-9-105(a) is constitutional in this case because the parent companies had an employment relationship with Michael Myers.

Affirmed; court of appeals opinion vacated.

Special Justice SCOTT HILBURN joins.

BAKER, J., concurs without opinion.

HART, J., dissents.

KEMP, C.J., not participating.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority misinterprets Ark. Code Ann. § 11-9-105(a), the "exclusive remedy" provision of our workers' compensation law. Contrary to the interpretation reached by the majority, the exclusive-remedy provision's plain language provides that it is only available to the "employer of the employee," or one acting as such. The defendants in this case acknowledge that they were never acting as the deceased's employer. Accordingly, the defendants cannot invoke the exclusive-remedy provision against the plaintiff's claims, and this case should be reversed.

Our courts rely on several rules of construction to determine the meaning of a statute. Some of the more familiar rules can be found in *Weiss v. American Honda Finance Corp.*, where we stated:

> The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Where the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Finally, the ultimate rule of statutory construction is to give effect to the intent of the General Assembly.

360 Ark. 208, 213, 200 S.W.3d 381, 384 (2004) (internal citations omitted). Further, our rules emphasize the importance of reading statutes holistically, without elevating individual subparts over the meaning of the whole law. In *Barclay v. First Paris Holding Co.*, we observed:

> We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. When a statute is ambiguous, we must interpret it according to the legislative intent. Our review becomes an examination of the whole act. We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part.

12

344 Ark. 711, 718, 42 S.W.3d 496, 500 (2001) (internal citations omitted).

With these rules in mind, let us turn to the statute at issue in this case:

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages *from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer*, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. *No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter*, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Ark. Code Ann. § 11-9-105(a) (emphasis added).

Applying the rules of construction to this statute, a few things are plain. Most importantly, a defendant cannot invoke the exclusive-remedy provision unless that defendant was "in the role of employer of the employee" who was injured—"No role, capacity, or persona of any employer, principal, officer, director, or stockholder <u>other than that existing in the role of employer of the employee shall be relevant</u> for consideration for purposes of this chapter[.]" *Id.* (underline added). "Employer" has a broad general definition in this context, *see* Ark. Code Ann. § 11-9-102(10), but to invoke the exclusive-remedy provision, the defendant must have been acting as the employee's employer at the time of injury. In other words, if the defendant cannot check the box of "employer" as to this specific "employee," then that defendant does not receive the immunity afforded by the exclusive remedy provision. Any other relationship the defendant may have with the employee or with any other entity is not "relevant for [this] consideration." *Id.*

13

In this case, the defendants acknowledge they were never the deceased's employer, so they do not receive the immunity afforded by the statute. It should not be any more complicated than that.

However, the majority reaches a different conclusion. First, the majority narrows its examination of the statute to only the first italicized line of text from the excerpt above: "from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer[.]" See Maj. Op. at 8 (announcing that "[t]his case concerns the first italicized list of entities immune from tort"). Then, the majority utilizes an inapplicable rule of statutory construction to reach an interpretation of the statute that it otherwise does not support. Citing the "rule of last antecedent," the majority concludes that the absence of a comma after "partner" means that the limiting language "acting in his capacity as an employer" only applies to a "partner" and not to a "principal, officer, director, [or] stockholder[.]" But the rule of last antecedent cannot defeat the plain intent of the statute. As explained in the very same cases cited by the majority to support its position, the rule of last antecedent is applicable only "where no contrary intention appears," *see McCoy v. Walker*, 317 Ark. 86, 90, 876 S.W.2d 252, 254 (1994), and "unless the subject-matter requires a different conclusion," *see Bell v. Bd. of Dirs.*, 109 Ark. 433, 160 S.W. 390, 391 (1913)). The majority's interpretation of this language certainly cannot stand when one considers that language alongside the rest of the statute, as set forth in the preceding paragraphs.

Note that, for purposes of our workers'-compensation law, the Arkansas Constitution only allows the General Assembly to limit the amount paid by "*employers* for

injuries to or death of employees." Ark. Const. art. 5, § 32 (emphasis added). These statutes are supposed to be strictly construed. Ark. Code Ann. § 11-9-704(c)(3). That is not what the majority has done here. Today's decision eliminates potential liability for businesses, but it is not consistent with the law. The law provides that the exclusive-remedy provision is available only to employers. Because the defendants were never the deceased's employer, they cannot invoke the exclusive-remedy provision. Therefore, they are not immune from suit.

I dissent.

*Paul Byrd Law Firm, PLLC*, by:  *Paul Byrd*; *John Patterson, P.A.*, by:  *John Patterson*; *Brian G. Brooks, Attorney at Law, PLLC*, by:  *Brian G. Brooks*; *Saltz, Mongeluzzi, Barrett & Bendesky, P.C.*, by:  *David L. Kwass, Pro Hac Vice*, and *David Langsam, Pro Hac Vice*, for appellant.

*Wright Lindsey & Jennings LLP*, by:  *John D. Davis*, *Scott A. Irby*, *Baxter D. Drennon*, and *Michael A. Thompson*, for appellees.